107 So.2d 272 (1958)
Mary H. ORMSBY, Appellant
v.
Phil GINOLFI and Maria Ginolfi, Appellees.
No. 58-279.
District Court of Appeal of Florida. Third District.
November 25, 1958.
Rehearing Denied January 5, 1959.
*273 Nichols, Gaither, Green, Frates & Beckham, Miami, for appellant.
Wakefield & Underwood, Miami, for appellees.
STURGIS, WALLACE E., Associate Judge.
The appellant, Mary H. Ormsby, plaintiff below, seeks reversal of a summary judgment in favor of the defendant-appellees, Phil Ginolfi and his wife, Maria Ginolfi, entered in a suit to recover damages for personal injuries alleged to result from the negligent operation of defendants' automobile.
The accident occurred on April 1, 1956. Eight days later the plaintiff executed and delivered to the defendants a general release from liability for any and all "known and unknown" personal injuries suffered by her as a result of the accident. The consideration for the release was $90.08, which is the exact amount of the estimated cost of repairs to her car made necessary as a result of the accident and does not, therefore, include any item for injuries to her person. In this transaction the defendants were represented by an insurance adjuster in the employ of their insurance carrier.
When plaintiff commenced this action on July 9, 1957, to recover for alleged personal injuries suffered in the accident, defendants pleaded the release in bar thereof and moved for summary judgment, which was granted.
The sole issue on the motion, as developed by the pleadings and proofs, was whether there was a genuine mistake of fact rendering the release voidable. The proofs upon which the motion was granted reflect that while plaintiff felt "shook up" following the accident, she signed the release in the belief that she had not suffered any personal injury as a result of the accident, that such was also the belief of the insurance adjuster representing the defendants in the transaction, that the consideration for the release excluded any item for personal injuries, and that it subsequently developed that plaintiff had in fact suffered serious personal injuries attributable to the accident. It generally held that a contract of this nature may be set aside upon proof that it was executed *274 pursuant to a mistake as to a past or present fact, and the proofs here are adequate to raise a genuine question of fact as to whether the release was executed under a bona fide mistake of fact. Our adherence thereto does not do violence to the companion rule that unknown or unexpected consequences of known injuries will not invalidate a release. Sutton v. Capetanidis, Fla.App., 97 So.2d 200; De Witt v. Miami Transit Company, Fla., 95 So.2d 898; Boole v. Florida Power & Light Co., 147 Fla. 589, 3 So.2d 335.
The proofs before the trial court on the motion for summary judgment must be considered in the light most favorable to the non-moving party. The items making up the consideration given for the release, if capable of proof, as appears to be the case in the cause on review, are factors which a jury is entitled to weigh in determining whether the plaintiff did in fact execute the release under the mistaken belief that she suffered no personal injuries as a result of the accident. On motion for summary judgment any doubt in this behalf must be resolved against the movant and in favor of a jury trial. Testing the proofs in this case by that and other rules of law applicable to motions for summary judgment, we conclude that the summary judgment herein was erroneously granted. Cf. Gordon v. Hotel Seville, Inc., Fla.App., 105 So.2d 175; Saunders v. Kaplan, Fla.App., 101 So.2d 181.
Appellees contend that plaintiff's testimony to the effect that she was "shook up" is susceptible to the conclusion that she was aware, at the time she executed the release, of possible injuries to her person as a result of the accident, and from this premise appellees insist that there could be no mistake of fact capable of invalidating the release. We cannot agree. The inferences to be drawn from this testimony are particularly within the province of the jury and may not be resolved by the court on a motion for summary judgment. National Airlines v. Florida Equipment Co., Fla., 71 So.2d 741.
Appellees also contend that summary judgment was correctly entered in this case because the proofs reflect that plaintiff cashed a draft issued on behalf of appellees in the amount of and pursuant to the settlement and release, and that such constituted ratification of the release agreement. This subject was not raised by the pleadings pursuant to which the summary judgment was entered, and it follows that it has no place on this appeal.
The judgment is reversed and the case remanded for proceedings consistent herewith.
CARROLL, CHAS., C.J., and HORTON, J., concur.