JOHNSON, Judge.
This is an appeal from a summary final judgment in favor of appellees.
The appellant was the plaintiff below and the appellees were the defendants and shall be so referred to here.
The plaintiff brought suit for damages resulting from the alleged negligent operation of a motor vehicle of and by the defendants. The defendants filed an answer, alleging inter alia, a release executed by the plaintiff and attached a copy of the release to the answer. Defendants then sought certain admissions from the plaintiff which pertained to the validity of the release and of plaintiffs mental ability to know what he was doing when he signed the release. These admissions were not answered nor were any further pleadings filed by the plaintiff. The defendants then filed a motion for summary judgment based upon the general and absolute release signed by the plaintiff and which was attached to the sworn motion and the requested admissions which were not answered. The motion was *565 granted on the ground that there was no genuine issue as to any material fact, based on the pleadings. It is from this judgment that the plaintiff appeals.
The release in question appears to be a ■complete release of any and all liability for the consideration of $525.00 paid by the defendants or their insurance company, which release was properly witnessed, sworn to by the plaintiff and notarized. We fail to see how a more complete release could have been worded.
The plaintiff knew of this release having been executed and the money received prior to filing the complaint in this cause. If for some reason, the release was improperly or illegally obtained through fraud or error, it was incumbent upon the plaintiff to assert such avoidance in his complaint. After the answer was filed, setting up the defense of the release, and attaching a cop3r thereof, and the further showing of the release by attaching it to the motion for summary judgment, certainly the plaintiff should have come forth with some justifiable explanation of avoidance ■of the release if any existed. On the face of the record and the affidavit attached to the motion for summary judgment, the trial court was well within its judicial discretion in determining the cause in favor of the defendants as it did. We cannot agree with the appellant’s interpretation of Rules 1.7 (a) and 1.8(e) Florida Rules of Civil Procedure, 30 F.S.A., as applied to the facts in this case.
When the movant for a summary judgment presents evidence to support the claimed non-existence of a material issue, the opposing party must present some evidence to generate an issue on a material fact, and if he fails to so do, he must suffer a summary judgment against him. Harvey Building, Inc. v. Haley (Fla.1965) 175 So. 2d 780. The defendants’ request for admissions, which were unanswered, and, therefore taken as true, in support of the affidavit and release and motion for summary judgment, made a prima facie complete bar to plaintiff’s recovery. Therefore, the order appealed is
Affirmed.
WIGGINTON, Acting C. J., and STURGIS, J., concur.