CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in an action for breach of contract has appealed from a final summary judgment entered for the defendant by the Circuit Court for Volusia County.
The ultimate question presented for our determination in this appeal is whether the said court correctly held in effect that there was no genuine issue of a material fact and that the defendant was entitled to a judgment as a matter of law.
This question derives from the requirements for the entry of a summary judgment as set forth in Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., which provides that, upon a hearing on a party’s motion for summary judgment, the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no geniune issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” It should be noted that both of the last-named conditions must exist in order to justify the entry of a summary judgment.
The plaintiff’s complaint is in two counts, the first count thereof alleging briefly and substantially as follows: that the plaintiff, Professional Archers Association, is a non-profit corporation of the State of Michigan, engaged in the business of furthering the sport of archery throughout the United States, while the defendant, Community Promotions, Inc., is a nonprofit corporation of Florida, engaged in promoting sport spectaculars and other events for the betterment of the tourist business of the greater Daytona Beach area; that in 1963 the parties entered into an agreement whereby the plaintiff agreed to hold its first National Championship Tournament on certain dates later that year in the City of Daytona Beach in consideration of the defendant’s promise to pay out a total purse of $18,000 to the *23 winners of the tournament ($10,000 for professional archers and $8,000 in merchandise for non-professional archers); that the tournament was held on those dates, but at the end of the tournament the defendant advised the plaintiff that it would be unable to pay off the winners of the tournament as promised, whereupon the plaintiff announced to the winners that it would pay off as advertised and did in fact pay to the professional winners the sum of $5,000, while the defendant paid to the non-professional winners merchandise in the value of $2,500; and that, as a result of the said breach of the agreement, the plaintiff suffered great damage to its reputation among the archers of the United States, etc.
In the second count of its complaint the plaintiff re-alleges all, of the averments of the first count, and further alleges: that the plaintiff in the said agreement guaranteed to the defendant $25 for each archer less than 100 registered and $10 for each non-professional archer less than 650 registered; that the parties agreed that the defendant would handle all publicity, including that in the major archery magazines; that, although the plaintiff advised the defendant that it was imperative for a successful turnout, that advertisements concerning the prize list be placed with such magazines and prize lists mailed out as soon as possible, yet the defendant failed to publicize the tournament in any manner whatsoever early enough so that the archers throughout the country could plan on attending the tournament; that as a proximate result of the defendant’s said failure to publicize the tournament, as agreed, only 67 professional archers and 95 non-professional archers registered for the tournament.
Each of the above counts of the plaintiff’s complaint, in our opinion, states a cause of action at law against the defendant for breach of contract.
The allegations of both counts of the plaintiff’s complaint were supported by the evidence adduced at the hearing on the defendant’s motion for a summary judgment, yet the Circuit Court granted the said motion and entered the final summary judgment in the defendant’s favor. In its reasoning, as set forth in its said judgment, the court stated that the plaintiff’s giving of the prize money to the winners, which the defendant agreed to do, was a voluntary act and imposed no liability upon the defendant; and that the defendant’s obligation to pay the prize money was dependent upon the plaintiff’s obligation to provide “the registrants or the guaranteed funds which it did not.” The court concluded generally that there was no genuine issue as to any material fact and that the defendant was entitled to a judgment as a matter of law. We cannot agree.
This is an action at law and in such an action the jury is the sole trier of the facts. Neither the trial court nor an appellate court has the authority to substitute its judgment on questions of fact for that of the jury in a summary judgment proceeding, or, in fact, in any other available proceedings. If the evidence is conflicting as to an issue of fact, or if there are conflicting inferences that may be reasonably drawn from uncontradicted evidence, the issue as to that fact must be submitted to the jury for its determination under proper instructions from the trial court.
Accordingly, we are of the opinion that the court should have denied the defendant’s motion for a summary judgment and submitted the questions of fact to the jury as to the liability of the defendant to the plaintiff under the said agreement in the light of the circumstances shown by the evidence, under proper instructions, of course, from the court.
Therefore, the final summary judgment appealed from herein must be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
JOHNSON and SPECTOR, JJ., concur.