294 So.2d 398 (1974)
Ronald HUGHES, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Appellee.
No. T-418.
District Court of Appeal of Florida, First District.
May 14, 1974.
Tom C. Meers, Jacksonville, of Horner & Meers for appellant.
James E. Cobb and Jeffrey D. Dunn, of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
BOYER, Judge.
We review on this appeal a summary judgment entered in favor of the defendant, State Farm Mutual Automobile Insurance Company.
Plaintiff, while riding as a passenger in a vehicle insured by defendant, was injured as a result of a three-car collision. The vehicle in which the plaintiff was riding was stopped at a traffic light when it *399 was struck by two other vehicles, one of which was an uninsured motorist. Plaintiff received miscellaneous lacerations, bruises and an injury to his back. Plaintiff was a high school graduate who had also attended Jones College. After the incident, in consideration of a draft in the sum of $200 received from defendant, plaintiff signed a release and trust agreement "in full settlement and final discharge of all claims under the above numbered policy because of bodily injuries known and unknown * * * by reason of an accident of occurrence arising out of the ownership or operation of an uninsured automobile." After signing the release plaintiff decided that he did not like the settlement and thereupon for the first time contacted an attorney.
Plaintiff, after seeing his attorney, filed suit against the defendant alleging that plaintiff was injured due to the negligence of an uninsured driver and that plaintiff was legally entitled to recover from defendant under uninsured motorist coverage for his injuries. He further alleged that defendant had refused to pay plaintiff for his injuries under the terms of defendant's policy "and in accordance with the Florida Automobile Reparations Reform Act."
Defendant answered the complaint, setting up the release as a complete bar to the uninsured motorist claim, and denying the claim under the Florida Automobile Reparations Reform Act.
After depositions of plaintiff and other persons had been taken, and interrogatories propounded to the plaintiff had been answered, the defendant moved for a summary judgment which was granted by the trial court. Plaintiff appealed.
We have carefully read the entire record, which includes the deposition of the plaintiff. It is clear from the deposition that the plaintiff was fully aware of all of his injuries at the time he signed the release and no fraud, undue influence, nor coercion are alleged. No mutual mistake is claimed; therefore this case is quite different from Boole v. Florida Power & Light Co., 1941, 147 Fla. 589, 3 So.2d 335, and Ormsby v. Ginolfi, Fla.App.3rd 1958, 107 So.2d 272. In our view, the law applicable to the facts presented in this case, insofar as the release is concerned, is that pronounced by the Supreme Court in De Witt v. Miami Transit Company, S.C.Fla. 1957, 95 So.2d 898 which was cited by this Court in Swilley v. Long, Fla.App. 1st 1968, 215 So.2d 340, wherein the Supreme Court stated:
While a release executed pursuant to a mistake as to a past or present fact may on proper showing be set aside, unknown or unexpected consequences of known injuries will not result in invalidating the release. An erroneous opinion or error of judgment respecting future conditions as a result of presently known facts will not justify setting the release aside. If the rule were otherwise no release could be safely accepted in personal injury matters. The end result would be that all such claims would be forced into litigation. Such a conclusion would be directly contrary to the policy of the law favoring amicable settlement of disputes and the avoidance of litigation. (at page 342)
In Stiff v. Newman, Fla.App. 2nd 1961, 134 So.2d 260, also cited by this Court in Swilley v. Long, supra, our sister court stated, in considering a similar factual situation:
"`* * * The plaintiffs in effect made an improvident guess as to the future consequences of presently known injuries, or simply gave no thought to future possibilities. Such mistake, under the circumstances, was not a mistake remediable at law or in equity.'" (215 So.2d at page 342)
In Biscoe v. Evans, Fla.App. 1st 1966, 181 So.2d 564, this Court stated, with reference to a factual situation in which the plaintiff complained of a summary judgment having been entered by the trial court *400 based upon a release which had been executed by the plaintiff:
"The plaintiff knew of this release having been executed and the money received prior to filing the complaint in this cause. If for some reason, the release was improperly or illegally obtained through fraud or error, it was incumbent upon the plaintiff to assert such avoidance in his complaint. After the answer was filed, setting up the defense of the release, and attaching a copy thereof, and the further showing of the release by attaching it to the motion for summary judgment, certainly the plaintiff should have come forth with some justifiable explanation of avoidance of the release if any existed. On the face of the record and the affidavit attached to the motion for summary judgment, the trial court was well within its judicial discretion in determining the cause in favor of the defendants as it did. * * *" (at page 565)
We find therefore that the trial judge properly found that the release executed by the plaintiff was binding upon the plaintiff and that, therefore, plaintiff could not claim additional monies under the uninsured motorist portion of defendant's policy.
However, the case is not so easily disposed of. The plaintiff urges, and we agree, that the release executed by the plaintiff, by its wording, was effective only to release defendant as to his "uninsured motorist" claim and that such release did not preclude him from later asserting a claim for benefits under the Florida Automobile Reparations Reform Act.
The policy issued by the defendant in the case sub judice was a combination automobile insurance policy, offering various categories of insurance which applied to the vehicle in which the plaintiff was a passenger. The coverage required by statute relating to "uninsured motorists" coverage and the coverage required by the Florida Automobile Reparations Reform Act are two separate and distinct categories of insurance coverage provided in the policy. The first category assumes the availability of a tort action against a third party, whereas the latter is based upon the concept of "no-fault." Under the first, the insurance company is responsible only to the extent that the injured party has a tort claim against a third party. Under the latter, the company's obligation is to pay based upon the facts of injury and expenditures without regard to fault.
This Court had occasion to consider the divisibility of insurance coverages in Phoenix Insurance Company v. Kincaid, Fla. App. 1st 1967, 199 So.2d 770; certiorari denied, Fla., 211 So.2d 210. In that case the Court was not involved with a consideration of a dichotomy relative to uninsured motorist's coverage and "no-fault coverage", but the reasoning and applicable law are the same. In that case, Chief Judge Rawls, speaking for the court, said:
"* * * The bodily injury and property damage coverages are activated by the negligence of those insured under the provisions of the policy while operating an insured automobile. The provision for uninsured motorist protection comes into play only in the case of an accident caused by the negligent operation of an uninsured automobile. The medical payment coverage is a distinct type of separate coverage in that the question of negligence is of no import as to the liability of the insurance company to the insured, for in this instance the benefits are payable as a matter of right in the case of an accident involving an insured automobile. * * *" (at page 772)
To the same effect is State Farm Mutual Automobile Ins. Co. v. Carrico, Fla. App. 4th 1967, 200 So.2d 265.
We hold, therefore, that the above mentioned release was not effective to bar plaintiff's claim under the Florida Automobile Reparations Reform Act. However, a *401 careful reading of the amended complaint reveals that a cause of action under that act was not alleged. The amended complaint effectively alleged a cause of action against the defendant under the "uninsured motorist" coverage (which was barred by the release, as aforesaid) but there are no allegations in the amended complaint, nor elsewhere in the record, sufficient to support a claim under the "no-fault act." Florida Statute 627.736, F.S.A., clearly reflects that an insurer is not required to pay until receipt of reasonable proof of the loss and the amount of injuries sustained by a claimant under that act; and the record in this case is devoid of any showing that any "no-fault" benefits were due to the plaintiff. There is no allegation, proof, nor showing that demand, written or oral, was made for "no-fault benefits" and there is no record of any proof of any claim. Since there is no evidence in the record that a "no-fault claim" was ever made, the trial judge was correct in finding there were no issues of material fact: Therefore the summary judgment was proper.
We reiterate that the release executed by the plaintiff was sufficient only to bar his further claims under the "uninsured motorist coverage." Actually, the amended complaint, which was in only one count, did not state a cause of action under the "no-fault" provisions of the policy. There being no proper claim alleged under the latter provisions of the policy and no genuine issue of any material fact relative thereto, the summary judgment was not in error.
Issues relating to splitting causes of action, estoppel by judgment, etc. are not before us. We therefore express no view at this time as to whether the plaintiff may now furnish appropriate written notice in accordance with the requirements of Florida Statute 627.736(4)(b), F.S.A., and furnish the proof required by Florida Statute 627.736(4), F.S.A., and thereby perfect his claim and recover under the "no-fault" provisions of the policy under which he was clearly covered as a passenger. (F.S. 627.736(1), F.S.A.)
Affirmed.
RAWLS, C.J., and McCORD, J., concur.