371 So.2d 533 (1979)
Barbara LONGMAN, Individually and As Mother, Next Friend and Natural Guardian of Carolyn and Susan Longman, Appellants,
v.
TRAVELERS INSURANCE COMPANY, Appellee.
No. 78-1596.
District Court of Appeal of Florida, Third District.
May 29, 1979.
Abramson, Mendigutia & Libman and Paula L. Schwartz, Miami, for appellants.
*534 High, Stack, Lazenby & Bender and Alan R. Dakan, Miami, for appellee.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
HENDRY, Judge.
This is an appeal from a final summary judgment which was entered for the appellee-insurance company based upon a general release executed by appellant. We have determined that the order must be vacated and the cause remanded, as the trial court erred in its finding that an insured cannot recover personal injury protection benefits from its own insurer where a release has been given a third party tortfeasor.
The appellant, Longman, as mother, next friend and natural guardian of the two minors, executed a general release in favor of the driver of the other vehicle, the alleged tortfeasor, and his insurer, Allstate. Subsequently, appellant filed a lawsuit against the appellee herein, alleging that it had breached its contract of insurance with appellant inasmuch as it failed and refused to pay all of the medical bills under the provisions for personal injury protection of the insured.
On its motion for summary judgment, Travelers asserted that the said release from liability worked as a release for Travelers as well as for the other driver and Allstate. Summary judgment was granted on the ground that the release was a bar to appellant/plaintiff's cause of action.
Florida law is clear that releasing a party charged or chargeable with liability or responsibility does not have the automatic effect of releasing one's own insurance carrier from the contractual provisions of an insurance policy which provides P.I.P., medical payment coverage. See Hughes v. State Farm Mutual Automobile Insurance Company, 294 So.2d 398 (Fla. 1st DCA 1974), where the court held that a release executed by the plaintiff was effective to release the defendant as to the uninsured motorist claim only and that the release did not preclude plaintiff from asserting a claim for benefits under the Florida Automobile Reparations Reform Act. The rationale was that the coverage relating to the uninsured motorists and the coverage required by the Florida Automobile Reparations Reform Act were two separate and distinct categories of insurance; the former assumes the availability of a tort action against a third party and the latter is based on the no-fault concept. Under the uninsured motorist category, the insurance company is responsible only to the extent the injured party has a claim against a third party, whereas, under the second category the insurance company is obligated to make payment based upon the facts of injury without regard to fault. As stated in an excerpt from Hughes, supra, at 400, referring to the proposition espoused in the same court's earlier holding in Phoenix Insurance Company v. Kincaid, 199 So.2d 770 (Fla. 1st DCA 1967), cert. denied, 211 So.2d 210:
"The bodily injury and property damage coverages are activated by the negligence of those insured under the provisions of the policy while operating an insured automobile ... The medical payment coverage is a distinct type of separate coverage in that the question of negligence is of no import as to the liability of the insurance company to the insured, for in this instance the benefits are payable as a matter of right in the case of an accident involving an insured automobile."
Appellee's reliance upon the holding in Weatherford v. Ryder Truck Rental and Leasing, Inc., 344 So.2d 937 (Fla. 3d DCA 1977), is misplaced, since under Florida law the release of a party charged or chargeable with liability or responsibility does not have the effect of releasing an injured insured's carrier from paying medical expenses under the P.I.P. coverage provision. See, in addition to Hughes, supra, Gateway Insurance Company v. Lymus, 295 So.2d 326 (Fla. 3d DCA 1974).
In Weatherford, the release discharging the defendant-driver and its insurer "and all other persons, firms or corporations liable or who might be claimed to be liable ..." effectively released the owner *535 and the lessee of a tractor trailer which had been at the site of the subject auto accident; it is manifestly clear that those released along with the first defendant were possible tortfeasors, and the release of the auto driver/tortfeasor properly released the others. Whereas, in the cause sub judice the appellee/defendant could not be considered a possible tortfeasor, and it has a legal, contractual obligation to its insured to pay medical expenses under the separate and distinct P.I.P. provisions of its policy with appellant. See, § 627.736, Florida Statutes (1975).
The order appealed is reversed and remanded with directions to vacate the summary judgment and to enter an order requiring appellee to make payment under the P.I.P. provisions of the policy with the insured.
Reversed and remanded.