HERSEY, Judge.
Appellants, Van de Water, seek reversal of a summary final judgment in a negligence case involving personal injuries.
As a result of a vehicular collision, appellant Charles Van de Water suffered lacera *148 tions in his ear, neck and face which required more than fifty stitches. Subsequently, he negotiated for and signed a release in favor of the parties defendant, which purported to include any and all claims “growing out of personal injuries known or unknown.” Van de Water later required an operation for removal of a sub-dural hematoma. Notwithstanding the release appellants filed this suit.
Following depositions and other discovery, motions for summary final judgment were filed respectively by appellees and appellants. After hearing, the trial court entered an order granting appellees’ motion for summary judgment on the basis that appellants' damages arose as an unexpected consequence of a known injury so that the release precluded any recovery.
It is settled that a release of a claim for personal injuries may not be avoided simply because injuries prove more serious than had been anticipated at the time of execution of the release. Stiff v. Newman, 134 So.2d 260 (Fla.2nd DCA 1961). On the other hand, a release executed pursuant to a mistake as to a past or present fact, such as the existence of injury, may be set aside under appropriate circumstances. For example, in Boole v. Florida Power and Light, 147 Fla. 589, 3 So.2d 335 (1941), appellant was involved in a truck collision but an x-ray of his chest disclosed no damage. He accepted $15.00 for the cost of actual medical expenses and executed a release as to “any and all injuries and damages to person or property arising from or which may in the future arise or develop out of, or out of the treatment of, an accident. . . .” Sixteen days after signing the release and twenty-five days after the accident Boole died, apparently from aggravation by the accident of a preexisting cardiac condition. The Supreme Court reversed a directed verdict for the defendant on the basis that the consideration paid for the release covered only actual expenses and that no amount was paid for personal injuries. The court apparently felt that the allegations were sufficient to permit proof of a mutual mistake of fact. It is interesting to note that this was a four to three decision, the dissent pointing out:
I find no mutual mistake of fact alleged or proven. Unexpected consequences resulted from the known facts. Such is frequently the case and is the prime reason to actuate compromise.
Similarly, in Ormsby v. Ginolfi, 107 So.2d 272 (Fla.3rd DCA 1958) the plaintiff in a personal injury suit arising from an automobile accident had executed a release for “known and unknown” personal injuries for $90.08, the exact amount of the estimated cost of repairs to her automobile. The court found that neither the insurance adjuster who paid the claim nor the plaintiff were aware of the fact that plaintiff had suffered personal injuries as a result of the accident. Reversing a summary judgment in favor of the defendant the court stated:
It [is] generally held that a contract of this nature may be set aside upon proof that it was executed pursuant to a mistake as to a past or present fact, and the proofs here are adequate to raise a genuine question of fact as to whether the release was executed under a bona fide mistake of fact. Our adherence thereto does not do violence to the companion rule that unknown or unexpected consequences of known injuries will not invalidate a release. Sutton v. Capetanidis, Fla.App., 97 So.2d 200; De Witt v. Miami Transit Company, Fla., 95 So.2d 898; Boole v. Florida Power & Light Co., 147 Fla. 589, 3 So.2d 335.
De Witt v. Miami Transit Company, 95 So.2d 898 (Fla.1957), involved a release from “any and all known and unknown personal injuries” arising out of the negligent operation of a bus on which the plaintiff was a passenger. The record disclosed that the $90.00 paid in consideration of the release was to liquidate medical expenses on the assumption that the injuries were minor. It turned out they were not. The court distinguished Boole, supra, pointing out that there the mistake was as to the injury itself rather than as to the extent of the injury. The court in effect held that a release was a release, succinctly summariz *149 ing the policy reasons for the rule in the following language:
While a release executed pursuant to a mistake as to a past or present fact may on proper showing be set aside, unknown or unexpected consequences of known injuries will not result in invalidating the release. An erroneous opinion or error of judgment respecting future conditions as a result of presently known facts will not justify setting the release aside. If the rule were otherwise no release could be safely accepted in personal injury matters. The end result would be that all such claims would be forced into litigation. Such a conclusion would be directly contrary to the policy of the law favoring amicable settlement of disputes and the avoidance of litigation. Id. at 901.
On the motions for summary judgment, appellants contended that the injury suffered by Charles Van de Water consisted of a damaged or ruptured blood vessel and that this injury was unknown at the time the release was executed. Appellees, on the other hand, argued that the damaged or ruptured vessel resulted from the blow on the head suffered in the vehicular collision and thus was an unknown or unexpected consequence of the known injury.
We recognize that if there are conflicting inferences that may reasonably be drawn from uncontradicted evidence, the issue should be submitted to the trier of fact. Professional Archers Association v. Community Promotions, Inc., 214 So.2d 21 (Fla.1st DCA 1968).
The record reveals, however, that the sole medical witness was of the opinion that the subdural hematoma was causally related to the vehicular collision. Further, the testimony of appellant Arlene Van de Water reflects that appellants not only knew of the existence of the injury, but also understood its seriousness, including the possibility of future complications. These uncontroverted facts lead to the inescapable conclusion that the subdural hematoma was a later result of the known head injury. That being so, the release precluded recovery.
We therefore conclude that there was no material issue of fact and that the trial court correctly stated the law applicable under the circumstances of this case.
Having reached this conclusion, it is unnecessary to consider the other points raised on appeal.
AFFIRMED.
MOORE, J., and LAMAR WARREN (Associate Judge), concur.