512 So.2d 335 (1987)
Florence BROZ, Appellant,
v.
WINN-DIXIE STORES, INC., Appellee.
No. 86-2839.
District Court of Appeal of Florida, Third District.
September 15, 1987.
*336 Jerome M. Hershkowitz and Evan M. Feldman, Miami, for appellant.
Smathers & Thompson and Debra L. Brady and Robert Shearman, Miami, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Florence Broz, a personal injury plaintiff, seeks review of a summary judgment entered in favor of Winn-Dixie Stores, Inc. At issue is whether the parties were laboring under a mutual mistake of fact concerning the nature of Mrs. Broz's injuries when she executed a release.
Mrs. Broz alleges that while shopping at Winn-Dixie she slipped on a grape lying on the floor of the meat department and fell on her knees. After the fall she told her husband and Winn-Dixie employees that she was not hurt. The next day Mrs. Broz went to a doctor for a previously scheduled routine examination. Although she told her doctor about her fall, she said her leg was not bothering her and the doctor did not examine it. The insurance representative for Winn-Dixie telephoned Mrs. Broz and asked her to sign a release "if your knee is not hurting you." Although Mrs. Broz felt some discomfort in her knee after the fall, she accepted $50 from the adjuster and executed a release discharging Winn-Dixie from all claims, believing that the discomfort would soon subside. Two weeks later, Mrs. Broz experienced pain in her left knee, sought medical treatment, and discovered that a bone was fractured. She subsequently underwent three knee operations.
It is well established law in Florida that, while unknown or unexpected consequences of known injuries are insufficient to set aside an otherwise valid release, a release may be set aside upon proof that it was executed pursuant to a mistake as to a past or present fact. De Witt v. Miami Transit Co., 95 So.2d 898, 901 (Fla. 1957); Ormsby v. Ginolfi, 107 So.2d 272, 273-274 (Fla. 3d DCA 1958), cert. denied, 114 So.2d 439 (Fla. 1959). When there is substantial competent evidence that tends to prove that there was a mutual mistake of fact in that the parties to the release believed that the injuries sustained were only of a minor and temporary nature, the question of whether the release should be set aside is an issue to be submitted to the jury. Boole v. Florida Power & Light Co., 147 Fla. 589, 3 So.2d 335 (1941).
Mrs. Broz contends that at the time she executed the release she believed, as the defendant's adjustor also must have believed, that she was not injured in the fall. Therefore, a genuine issue of fact was presented as to whether, at the time the release was executed, unknown injuries existed which were not within the contemplation of the parties and for which no *337 consideration was paid. On a motion for summary judgment where the evidence before the court tends to show that there was a mutual mistake of fact which would permit a setting aside of the release, that evidence must be viewed in favor of the party opposing the motion. Ormsby v. Ginolfi, 107 So.2d 272. Whether or not the parties were mistaken as to the existence of the injury is a question for the jury.
The final summary judgment is therefore reversed and the cause is remanded.