PER CURIAM.
This is an appeal by the plaintiff Claire Frechter from an adverse final summary judgment in a negligence action arising out of' a slip-and-fall accident at a department store owned by the defendant K Mart Corporation. The final summary judgment was entered based on a facially valid release which, without dispute, was signed by the plaintiff in exchange for $600 given by the defendant to settle the instant claim. We reject the plaintiffs contention that this record raises genuine issues of material fact as to whether the release should be set aside based on fraud or a mutual mistake of fact. We accordingly affirm.
First, the plaintiffs affidavit in opposition to the defendant’s motion for summary judgment states no facts upon which a finding of fraud could be made. Instead, the affidavit merely states the plaintiffs opinions and beliefs, namely, “I was led to believe [by a K Mart representative] and it was my belief” that the $600 the plaintiff received was only for her past “out-of-pocket losses” and “had no bearing on future expenses I may incur in the future.” (R.22). No facts are alleged in the affidavit as to exactly what the K Mart representative told the plaintiff which led the plaintiff to the above-stated conclusions. This being so, the plaintiffs opinions and beliefs do not constitute admissible evidence in this cause and cannot create a genuine issue as to whether the otherwise valid release was procured by' fraud. Moreover, the plaintiffs deposition contains similar conclusions and no facts upon which a misrepresentation claim could be made. See Landers v. Milton, 370 So.2d 368, 370 (Fla.1979); Carter v. Cessna Finance Corp., 498 So.2d 1319, 1320-21 (Fla. 4th DCA 1986); Pino v. Lopez, 361 So.2d 192, 193 (Fla. 3d DCA 1978).
Second, the record shows without material dispute that (1) at the time the subject release was signed both parties were fully aware that the plaintiff had suffered a knee injury in the subject accident, although the full extent of this injury was not known, and (2) subsequent to the signing of the release, the plaintiffs knee injury deteriorated and the plaintiff subsequently had knee surgery. It is well settled that a release of a claim for personal injuries may not be set aside based on an alleged mutual mistake of fact when, as here, the claimant’s known injury unexpectedly and unforeseeably proves to be more serious than was anticipated by the parties at the time of the execution of the release. DeWitt v. Miami Transit Co., 95 So.2d 898 (Fla.1957); Hughes v. State Farm Mut. Auto Ins. Co., 294 So.2d 398, 399 (Fla. 1st DCA 1974); Swilley v. Long, 215 So.2d 340, 341-42 (Fla. 1st DCA 1968). It is only where, unlike this case, the parties were unaware at the time of the execution of the release (a) that the plaintiff had been injured at all, Broz v. Winn-Dixie Stores, 512 So.2d 335 (Fla. 3d DCA 1987); Ormsby v. Ginolfi, 107 So.2d 272 (Fla. 3d DCA 1958), cert. denied, 114 So.2d 439 (Fla.1959), or (b) that the plaintiff had been injured in another part of the body than that which was known at the time the release was signed — that Florida courts have found a mutual mistake sufficient to set aside a release. Boole v. Florida Power & Light Co., 147 Fla. 589, 3 So.2d 335 (1941) (minor chest contusion known at time of release; heart damage later develops).
Affirmed.