595 So.2d 178 (1992)
Walter KEITH and Ellen R. Keith, his wife, Appellants,
v.
B.E.W. INSURANCE GROUP, INC., a Florida corporation, Appellee.
No. 91-01872.
District Court of Appeal of Florida, Second District.
February 21, 1992.
Rehearing Denied March 26, 1992.
*179 C. Bryant Boydstun, Jr., of Lyle & Skipper, P.A., St. Petersburg, for appellants.
Urban J.W. Patterson of Urban J.W. Patterson, P.A., St. Petersburg, for appellee.
PATTERSON, Judge.
Walter Keith purchased two policies of health insurance from Georgia Life and Health Insurance Company (Georgia Life) through its agent, B.E.W. Insurance Group, Inc. (B.E.W.). His wife, Ellen Keith, a covered dependent under the policies, sustained injuries when she fell in a Revco Drug Store. The Keiths submitted various medical bills to Georgia Life, but Georgia Life rejected some of the bills for lack of coverage. On February 13, 1989, the Keiths sued Georgia Life and B.E.W. in a single two-count action. Count I sought relief against Georgia Life for breach of the insurance contracts. Count II sought relief against B.E.W. for negligence in failing to obtain from Georgia Life certain coverage that Walter Keith had requested and which B.E.W. represented was provided in the policies purchased.
On September 13, 1990, the Keiths settled all claims against Georgia Life, reserving their right to pursue their claim against B.E.W. On January 20, 1991, the Keiths settled their slip-and-fall claim with Revco. Thereafter, B.E.W. moved for summary judgment contending that the settlement with Revco precluded further recovery from B.E.W. on the theory that it would constitute a double recovery by the Keiths. On the morning of trial, the court granted the motion in B.E.W.'s favor. We reverse.
In the trial court, and here, B.E.W. argued that it is a subsequent or successor tortfeasor in regard to the Keiths' claim and that, therefore, the settlement with Revco gives rise to a presumption that it included all damages caused by B.E.W. This rule of law is generally applied when a person injured by the negligence of another seeks medical treatment, which in turn aggravates the injury. In such instances, the law regards the negligence of the initial wrongdoer as the proximate cause of the subsequent negligent treatment, and the aggrieved party may recover the entirety of their damages from the initial tortfeasor. See Stuart v. Hertz Corp., 351 So.2d 703, 707 (Fla. 1977). The initial tortfeasor may then maintain an independent action for subrogation against the subsequent tortfeasor. Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla. 1980).
In the alternative, when the two torts are distinguishable, the injured party may recover from the initial tortfeasor only those damages attributable to that tort and may pursue damages against the successor *180 tortfeasor in a separate action for the injuries occasioned by the subsequent tort. McCutcheon v. Hertz Corp., 463 So.2d 1226, 1228 (Fla. 4th DCA), review denied, 476 So.2d 674 (Fla. 1985). When the injured party and the initial tortfeasor enter into a settlement and the injured party does not clearly reserve his cause of action against the successor tortfeasor, the legal presumption is that the injured party recovered the entirety of his damages by way of the settlement. The right to sue the successor tortfeasor is therefore lost, and the initial tortfeasor is subrogated to that cause of action. Rucks v. Pushman, 541 So.2d 673 (Fla. 5th DCA), review denied, 549 So.2d 1014 (Fla. 1989).
This rule clearly does not apply to the facts of this case. B.E.W. is not a successor tortfeasor. The negligence of B.E.W., if any, was committed at the time Walter Keith purchased the policies  a time prior to the incident which gave rise to the Keiths' claim for medical benefits. Revco did not, and could not, derive a subrogation claim against B.E.W., and subrogation is the basis for the rule.
The settlement with Revco is equally irrelevant to the claim against B.E.W. because of the underlying distinction between casualty and health insurance policies. Whereas the liability of an insurer under a casualty insurance policy is triggered by the negligence of the insured or a third party and generally carries with it a contractual right of subrogation, the rights of an insured under a health or accident policy are payable as a matter of contractual right in which negligence plays no part. See Longman v. Travelers Ins. Co., 371 So.2d 533 (Fla. 3d DCA 1979). A health insurer may reserve a right of subrogation to itself by the inclusion of such a provision in the health insurance contract. Blue Cross of Fla., Inc. v. O'Donnell, 230 So.2d 706 (Fla. 3d DCA 1970).
The Georgia Life policies involved here contain no such provision. Thus, B.E.W. can derive no benefit from the settlement between the Keiths and Georgia Life. The damages the Keiths sought here are for benefits not provided for in the Georgia Life policies, which they contend they requested and which they contend B.E.W. assured them were provided in the coverage purchased. These allegations, if proven to be true, constitute a separate and independent cause of action in negligence against B.E.W. upon which they are entitled to proceed.
Reversed and remanded.
SCHOONOVER, C.J., and RYDER, J., concur.