MORRIS, ROBERT J., JR., Associate Judge.
 

 Peggy A. Schatz and William E. Schatz, the plaintiffs below, appeal a final summary judgment entered against them on their medical malpractice and related claims against Forrest C. Haslup, M.D.; St. Joseph’s Specialty Services, Inc.; Thomas M. Kerr, M.D.; Thomas M. Kerr, M.D., P.A.; St. Joseph’s Healthcare Center, Inc.; and St. Joseph’s Hospital, Inc., d/b/a St. Joseph’s Hospital (referred to collectively as the “Defendants”). Because the record reveals a disputed issue of material fact, we reverse.
 

 Ms. Schatz obtained sclerotherapy from Robert J. Ailes, M.D., at Ideal Image, Inc., in order to remove spider veins on her legs. Complications arose and she presented to St. Joseph’s Hospital in Tampa for diagnosis and treatment. Within about two weeks of presenting to the emergency room and being admitted to the hospital, Ms. Schatz’s right leg was amputated.
 

 The Schatzes filed a lawsuit against numerous parties, including, among others, Dr. Ailes, Ideal Image, and the Defendants. The Schatzes settled with Dr. Ailes and Ideal Image. Several years later and shortly before the scheduled trial, the Defendants filed a motion for summary judgment asserting that the Schatzes’ release of the claims against Dr. Ailes and Ideal Image also released them. The Defendants argued that Dr. Ailes and Ideal Image were initial tortfeasors and that they were subsequent tortfeasors
 
 [1]
 
 and that the release did not expressly reserve to the Schatzes a right to proceed against them.
 
 [2]
 

 
 *681
 
 In response to and in opposition of the Defendants’ motion for summary judgment, the Schatzes filed a number of items most notable of which was a written irrevocable assignment of rights to the Schatzes that was signed by Dr. Ailes and the president of Ideal Image. The trial court granted the Defendants’ motion and entered a final summary judgment in their favor. This appeal ensued.
 

 The trial court erred in granting summary judgment in favor of the Defendants. The trial court concluded that the only recourse available to the Schatzes was to file a separate action for reformation. A separate reformation proceeding was not required in this case. Here, the Schatzes presented a written document signed by Dr. Ailes and Ideal Image in which they reassigned to the Schatzes all rights they might have inadvertently acquired as a result of the release.
 
 [3]
 
 Therefore, summary judgment was improperly entered.
 

 Reversed and remanded.
 

 FULMER
 
 [4]
 
 and WALLACE, JJ, Concur.
 

 [1]
 

 . The trial court’s ruling implicitly suggests that there is no dispute concerning whether the Defendants were subsequent tortfeasors, rather than joint tortfeasors. It appears, however, that the Defendants' tortfeasor status is disputed. Our opinion should not be read as a determination that Dr. Ailes and Ideal Image were initial tortfeasors and that the Defendants were subsequent tortfeasors.
 

 [2]
 

 . The Defendants’ argument was based on principles that generally arise when a person injured by the negligence of another seeks medical treatment, which in turn aggravates the injury-
 
 See Keith v. B.E.W. Ins. Group, Inc.,
 
 595 So.2d 178, 179 (Fla. 2d DCA 1992). In such circumstances, the law regards the negligence of the initial wrongdoer as the proximate cause of the subsequent negligent treatment; the aggrieved party may recover the entirety of their damages from the initial tortfeasor and the initial tortfeasor may then maintain an independent action for subrogation against the subsequent tortfeasor.
 
 Id.
 
 at 179. "When the injured party and the initial
 
 *681
 
 tortfeasor enter into a settlement and the injured party does not clearly reserve his cause of action against the successor tortfeasor, the legal presumption is that the injured party recovered the entirety of his damages by way of the settlement.”
 
 Id.
 
 at 180. The aggrieved party thus loses the right to sue the subsequent tortfeasor.
 
 Id.
 
 (citing
 
 Rucks v. Pushman,
 
 541 So.2d 673 (Fla. 5th DCA 1989)).
 

 [3]
 

 . In
 
 Smith v. Harr,
 
 571 So.2d 575 (Fla. 5th DCA 1990), the Fifth District opined that a similar reassignment of rights established an issue of material fact relating to the intention of the settlement between the plaintiff and the initial tortfeasor and that summary judgment was thus improper. We conclude that the reassignment of rights from Dr. Ailes and Ideal Image made it unnecessary to address the issue of the intent of the release signed by the Schatzes.