363 So.2d 596 (1978)
RICHARD's PAINT MFG. CO., INC., Appellant,
v.
ONYX PAINTS, INC., a Florida Corporation, and Tri-County Painting, Inc., a Florida Corporation, Appellees.
No. 77-1245.
District Court of Appeal of Florida, Fourth District.
October 25, 1978.
*597 Christian D. Searcy and Edna L. Caruso formerly of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, and Grady W. White, Melbourne, for appellant.
Bruce A. Zeidel of Chalek & Harris, P.A., West Palm Beach, for appellees.
LETTS, Judge.
This appeal comes to us by way of a third-party complaint resulting in an award to the third-party plaintiff of a sum far in excess of that sought in the original complaint. We reverse in part and remand.
Originally, a wholesale paint dealer sued a customer for an account stated in the sum of $2,458, said account incurred by reason of paint supplied to the customer. Thereafter the customer filed a counterclaim for breach of expressed and implied warranties resulting in actual damages which it incurred in the sum of $4,000 by reason of the supplied paint being unfit for use. Upon receiving the counterclaim, the wholesale paint dealer filed a third-party complaint against the manufacturer for all of said paint supplied to the customer and in addition for all the paint that it had ever bought, including paint which had nothing whatever to do with the subject of the original complaint. The grand total of all paint purchased was in excess of $10,000 all of which sum was awarded to the third-party plaintiff in the final judgment.
Florida Rules of Civil Procedure, Rule 1.180 provides:
(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him FOR ALL OR PART OF THE PLAINTIFF'S CLAIM AGAINST HIM... . (emphasis supplied)
From a reading of the foregoing, we are of the view that any defendant who responds with a third-party complaint, is limited to a recovery of a sum of money not in excess of the plaintiff's original claim. Miramar Construction, Inc. v. El Conquistador Condominium, 303 So.2d 81 (Fla.3d DCA 1974).
The wholesale paint dealer argues that recovery can be had in an amount greater than that asserted by the original plaintiff and cites, for example, Noland Company v. Graver Tank and Manufacturing Co., 301 F.2d 43 (4th Cir.1962). The wholesale paint dealer further points out that the Florida rule is patterned after the Federal rule cited in this Noland case. However, we note that the Federal rules have been amended since that case, to also provide that "a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as he has against an opposing party."[1] Florida has no counterpart to this amended provision in Rule 18 and we feel (as apparently the Federal Courts did) that its presence is necessary to support a greater award than the original amount sued on. Accordingly, we conclude that the rule means exactly what it says and no more.
*598 The final judgment is affirmed in all other respects, but this cause is remanded to the trial court so that the judgment in favor of the wholesale paint company and against the manufacturer can be reduced to $4,000.
In all other respects, not in conflict herewith, the final judgment is affirmed.
REVERSED IN PART AND REMANDED.
CROSS and MOORE, JJ., concur.
NOTES
[1] Fed.R.Civ.P. 18(a).