430 So.2d 558 (1983)
Sheila STOLZENBERG, Appellant,
v.
FORTE TOWERS SOUTH, INC., and Cherokee Insurance Company, Appellees.
No. 82-720.
District Court of Appeal of Florida, Third District.
May 3, 1983.
Michael I. Libman, Miami, for appellant.
Leland E. Stansell, Jr., and Harriet Lewis, Miami, for appellees.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
We affirm the trial court's resolution of Mrs. Stolzenberg's claim for damages in connection with an injury she sustained *559 when she slipped and fell while working for her employer, a caterer, who had leased part of appellee's premises. In her lawsuit charging Forte Towers South, Inc. with negligence, Mrs. Stolzenberg alleged that defective carpeting had caused her injury. Upon motion, the trial court entered summary judgment in favor of Forte Towers and its insurer, Cherokee Insurance Company. Because appellees demonstrated the absence of a genuine issue of material fact, Holl v. Talcott, 191 So.2d 40 (Fla. 1966), we approve the trial court's decision.
Appellant's employer, Mada'n Kosher Foods, leased the banquet hall from Forte Towers for its catering business. The lease gave Mada'n the exclusive right to use the banquet hall for catering and serving food as well as the use of tables, chairs, air-conditioning, and other fixtures. Mada'n was required to maintain the furniture, fixtures, and equipment at its own cost. As lessor, Forte Towers reserved the right to make reasonable demands in writing to correct conditions inconsistent with the clean and proper maintenance and operation of the leased room. Appellant's contention that the lease merely afforded Mada'n a right of first refusal is unsupported by the record and is contradicted by the exclusive use provisions contained in the lease. Once Forte Towers surrendered possession and control of the premises, it was no longer liable for injuries to third persons, Colon v. Lara, 389 So.2d 1070 (Fla. 3d DCA 1980), as a matter of law. See Friedman v. Virginia Metal Products Corp., 56 So.2d 515 (1952).
Appellant maintains that her affidavit raised issues of fact as to whether Forte Towers fully surrendered possession to Mada'n. In the affidavit appellant claims that other people used the premises. Florida Rule of Civil Procedure 1.510(e) requires appellant to show that the affidavit was based upon personal knowledge and that she was competent to testify as to the matters contained in the affidavit. Rule 1.510(e) provides:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or by further affidavits.
The affidavit submitted by appellant contains mere conclusions relating to her interpretation of the contract. Although she suggests that the hall was used by other businesses, she neither indicates the source of her information nor names any users of the premises. Furthermore, the admissibility of the affidavit, which was filed in conjunction with a motion for rehearing, was a matter within the discretion of the trial court. Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc. 413 So.2d 1 (Fla. 1982), adopting 381 So.2d 1164 (Fla. 5th DCA 1980).
For these reasons, we affirm the summary judgment entered by the trial court.