DOWNEY, Judge.
Credit Alliance Corporation (CAC), plaintiff in an action for replevin and to enforce a guaranty, appeals from a final judgment, entered after a bench trial, that denied it relief and awarded the defendant-counter-plaintiffs, Timmco Equipment, Inc. (Timmco), and Larry Timm $391,390.44 in damages.
Timmco purchased two dirt loaders from W.W. Williams Company of Florida. The *1103 purchase price was partially financed through CAC. The first loader was purchased in June, 1979, for a financed price of $84,661.20, after a deduction for a tra-deín. The note and installment payment contract were to be paid on a graduated scale beginning at $3,000 per month. In August, 1979, Timmco purchased the second loader for $94,680 and financed it with CAC. The graduated payments began at $3,380 per month.
Timmco was continually in arrears on the payments, and CAC instituted a replevin suit to recover possession of both loaders. A settlement of that suit was reached on April 10, 1981, by a stipulation wherein Timmco acknowledged an arrearage of approximately $21,000 on both pieces of equipment and agreed to pay the arrearage together with “two payments in reverse to be applied to the last two payments due under the lease on each of the leases which amounts to $4,550.00 on Lease No. 1, and $4,055.10 on Lease No. 2.” The stipulation also provided that the next payments on the respective pieces of equipment were due on April 13th and 24th, 1981. Finally Timmco agreed to abide by the terms of the agreement thereafter.
Within two months, Timmco was two payments in arrears on the first lease and nearly two months on the second lease. Thereupon, on July 16, 1981, CAC filed another replevin action alleging that it felt itself insecure, that Timmco was in default, and that because of the default CAC had accelerated the balance due on both obligations. A writ of replevin issued, and CAC obtained possession of both loaders. CAC also sought a deficiency decree for the unpaid balance for the first loader. No such claim was made regarding the second one because the original seller, W.W. Williams Company, paid CAC under a recourse agreement. Timmco filed an answer denying any default and alleging usury and estoppel. By counterclaim, Timmco claimed usury, damages, costs, and attorneys’ fees. After a nonjury trial a judgment was entered in favor of Timmco awarding damages in the amount of $391,-390.44.
We believe the trial court’s initial finding that Timmco was not in default misperceived the legal effect of the evidence.’ While Timmco had a history of being late with its payments, that history was nullified when CAC sued for replevin the first time. In April, 1981, CAC let Timmco make the payments current and pay the last two payments of the leases “in reserve.” CAC also exacted a covenant that Timmco would abide by the terms of the leases thereafter. Within two months Timmco was again in arrears. The financing agreement required Timmco to keep the equipment insured, with CAC named in the loss payable clause, and authorized CAC to accelerate the balance due, without notice, any time CAC deemed itself insecure. Timmco contended that it was not in default because it had paid the two payments “in reserve” and they could be used at any time to cover a default. However, we reject that proposal because it contradicts the plain language of the April 10, 1981, stipulation which provided:
That the Defendants have agreed to pay two payments in reserve to be applied to the last two payments due under the lease on each of the leases which amounts to $4,550.00 on Lease No. 1, and $4,055.10 on Lease No. 2.
Thus, the evidence is clear that Timmco was in default on its monthly payments almost immediately after having been allowed to cure a prior default; it had failed to show CAC in the loss payable clause on the casualty insurance; and CAC properly deemed itself insecure. On the latter point, the burden of proof to show CAC did not in good faith deem itself insecure was on Timmco and no such showing was made. Quest v. Barnett Bank of Pensacola, 397 So.2d 1020 (Fla. 1st DCA 1981). Accordingly, we hold the trial court erred in finding that Timmco was not in default.
CAC’s second and third points on appeal, which are directed to the award of damages for wrongful replevin and the award of prejudgment interest, are mooted by our *1104 holding under Point I that Timmco was in default.
In its fourth appellate point, CAC contends the trial court erred in finding the June 13, 1981, note usurious and in awarding Timmco double the amount of interest paid on the note. CAC argues that Timmco waived the defense of usury by entering into the stipulation and settling the first replevin suit. We reject that argument because the stipulation did not involve an abandonment of the usurious note and the execution of a new note at lawful interest as did Munilla v. Perez-Cobo, 335 So.2d 584 (Fla. 3d DCA 1976), relied on by CAC. Next, CAC suggests the transaction was exempt from the usury statutes by virtue of Section 687.04(1), Florida Statutes (1981). However, the evidence in this case clearly demonstrates the inapplicability of the statute. CAC was a party to the interest transaction and could not plead ignorance to any aspect of the transaction. Finally, once again the evidence of CAC’s participation in the interest transaction precludes application of the credit price doctrine to elude the usury statutes. We therefore hold the trial court was correct in finding the interest charged on the first note was usurious and awarding Timmco double the interest paid.
In its complaint CAC sought recovery of the deficiency it suffered after replevy and disposition of the equipment which was the subject of the June, 1979, financing. Since the trial court found Timmco was not in default, it did not reach the deficiency question. In view of our holding it is now appropriate for the trial court to consider CAC’s claim for deficiency pursuant to Section 679.504, Florida Statutes (1981).
In view of the foregoing, we reverse the judgment appealed from and remand the cause to the trial court for further proceedings to determine CAC’s claim for deficiency and thereafter to enter final judgment for CAC for such deficiency as is found and to enter judgment for Timmco on the usury issue for $31,123.88, plus interest on $15,-561.94, from July 27, 1981, until the date of this judgment.
REVERSED AND REMANDED with directions.
ANSTEAD, C.J., and RODGERS, EDWARD, Associate Judge, concur.