498 So.2d 1319 (1986)
J.R. CARTER, Appellant,
v.
CESSNA FINANCE CORPORATION, Paul C. Murphy and Cashman Development CORP., Appellees.
No. 85-2125.
District Court of Appeal of Florida, Fourth District.
December 3, 1986.
Rehearing Denied January 21, 1987.
*1320 Nancy G. Daniel and Mark V. Silverio of Law Offices of Mark V. Silverio, Miami, for appellant.
Adrienne F. Promoff of Stinson, Lyons & Schuette, P.A., Miami, for appellee-Cessna Finance Corp.
HERSEY, Chief Judge.
The summary final judgment appealed consists of a deficiency judgment following forced sale of a repossessed aircraft. The genuine issue of material fact asserted by appellant is whether the sale was conducted in a commercially reasonable manner. In essence, appellant, Carter, complains that the letter advising him of the impending sale did not disclose the location of the aircraft, thus precluding exercise of his right of inspection. In addition, an untimely filed affidavit, apparently considered by the trial court and therefore appropriate for our consideration, alleges that parts of the aircraft were lost or stolen while in the possession of appellee, and for this and other reasons the fair market value of the aircraft was reduced.
We find no provision of the Uniform Commercial Code and have been alerted to no rule of the law merchant requiring a creditor in possession to afford a right of inspection to a debtor prior to forced sale of collateral. Common sense, however, compels the conclusion that if Carter had made any effort whatsoever to inspect the aircraft in order to ascertain its condition and value at the time of sale, and that effort had been frustrated by the creditor, the result here would be different. A creditor who repossesses property is responsible for maintaining it in its then existing condition, and where it is sold after damage or deterioration has occurred, the sale cannot be deemed commercially reasonable. See Fla. First National Bank v. Martin, 449 So.2d 861 (Fla. 1st DCA 1984), overruled in part on other grounds, 482 So.2d 1362 (Fla. 1986). Refusal by the creditor to permit inspection upon reasonable demand would preclude a finding of a commercially reasonable sale. But the record in the present case discloses no hint of any effort by Carter to inspect the aircraft. We therefore find no refusal to permit inspection.
The question remains whether appellant has otherwise demonstrated the existence of a genuine issue of material fact. Appellant's affidavit states that based upon his "personal knowledge" the aircraft was damaged and allowed to deteriorate while in Cessna's possession. He does not, however, indicate the factual basis for this knowledge. Rule 1.510(e), Florida Rules of Civil Procedure, provides that: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein." As the 1967 Author's Comment to the rule explains, "[t]he requirement that [the affidavit] show affirmatively that the affiant is competent to testify to the matters stated therein is not satisfied by the statement that he has personal knowledge; there should be stated in detail the facts showing that he has personal knowledge." In short, a party does not create a fact question merely by placing his assertions in affidavit form.
An example of this principle is found in Stolzenberg v. Forte Towers South, Inc., 430 So.2d 558 (Fla. 3d DCA 1983). Plaintiff, who was employed by a caterer, slipped and fell while working on defendant's premises. The issue in the case was whether defendant had totally surrendered possession and control of the premises to plaintiff's employer, in which case defendant would not be liable for her injuries. In opposition to defendant's motion for summary judgment, plaintiff submitted an affidavit *1321 asserting that other businesses used the premises, but did not state the factual basis for her knowledge. The court upheld the trial court's entry of summary judgment in favor of defendant, concluding that the affidavit was insufficient as containing "mere conclusions" because plaintiff's affidavit "neither indicates the source of her information nor names any users of the premises." Id. at 559. See also Hurricane Boats, Inc. v. Certified Industrial Fabricators, Inc., 246 So.2d 174 (Fla. 3d DCA 1971) (affidavit may not be based upon mere factual or legal conclusions); Morgan v. Continental Casualty Co., 382 So.2d 351, 353 (Fla. 3d DCA 1980) ("[A]ffidavits ... which are based entirely upon speculation, surmise and conjecture, are inadmissible at trial and legally insufficient to create a disputed issue of fact in opposition to a motion for summary judgment.").
A factual basis for the affiant's knowledge need not be set out where the affiant is shown to be in a position where he would necessarily possess the knowledge. For instance, a bank vice president could submit an affidavit regarding a loan transaction based solely upon his representation of personal knowledge. See First Mortgage Investors v. Boulevard National Bank of Miami, 327 So.2d 830 (Fla. 3d DCA 1976). But this is not such a case. On the contrary, appellant's assertion that he was denied an opportunity to inspect the aircraft indicates that he could not have personal knowledge of its condition.
We therefore conclude that the legal insufficiency of appellant's affidavit provides an adequate basis for the trial court's entry of summary judgment in favor of Cessna and affirm the judgment.
AFFIRMED.
DOWNEY, J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting.
I respectfully dissent because, in my opinion, there were genuine issues of material fact upon the record that preclude entry of summary judgment as a matter of law per Rule 1.510(c), Florida Rules of Civil Procedure.
There are these unresolved issues, at least:
1. The extent of the depreciation to the aircraft while it was in the custody of Cessna due to misuse, theft and loss, and the responsibility therefor.
2. The adequacy of the notice of sale given by Cessna to Carter in light of the fact that the contract specifically provided that obligors, including Carter, be given "reasonable notification of the time and place of any public or private sale or any intended disposition... ."
The consequence of the above, if Carter should establish these issues in his favor at trial, would be that Cessna would be estopped to seek any deficiency from Carter.
I would reverse the summary judgment and remand for trial.