PER CURIAM.
This case began in August of 1975 when Gilvesy Construction, Inc., sued to foreclose a mechanic’s lien for $7,948.50 on property owned by Landahl, Brown & Weed Associates, Inc. (Landahl). Landahl counterclaimed for faulty work. Landahl also filed a third-party complaint against the city on the theory that the city had illegally revoked its building permits and improperly stopped its construction of certain multiunit high rise buildings on the property described in the mechanic’s lien. In addition to seeking indemnification for the Gilvesy complaint, Landahl sought additional damages from the city and also asked for reinstatement of the building permits on the theory of equitable estoppel. Landahl’s claim for damages was submitted to the jury, and a verdict was entered against the city for $266,254. On appeal from the judgment, this court held that the city was immune from liability for damages because it had been acting in its governmental capacity. City of Cape Coral v. Landahl, Brown & Weed Associates, 470 So.2cl 25 (Fla.2d DCA), petition for review denied, 480 So.2d 1294 (Fla.1985). We reversed the judgment for Landahl and directed the entry of a judgment for the city.
The trial court thereupon entered judgment in favor of the city and against Lan-dahl. Landahl has now filed a timely appeal from that judgment. Landahl asserts that this court in sua sponte raising the issue of governmental immunity had mistakenly characterized the city’s actions as *17 involving the issuing or refusing to issue permits, a governmental function, whereas Landahl was claiming that the city had illegally stopped construction of its projects, conduct which it contends was operational in nature. Landahl also argues that it is entitled to pursue its claim for injunctive relief because the issue of equitable estoppel has never been tried. In support of this position, Landahl points out that in our prior opinion we stated that the actions of a municipality in wrongfully refusing or revoking a building permit are susceptible to a cause of action to acquire or retain the permit on the grounds of equitable estoppel. City of Cape Coral at 27.
While a substantial part of appellant’s brief constitutes a reargument of the issue of governmental immunity, there is a principle which permits a court which still has jurisdiction over the ease to correct errors in its previous decision when necessary to do so in the interest of justice. Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604 (Fla.1953). Therefore, we have considered once again the issues involved in the first appeal. However, we find it unnecessary to revisit the question of governmental immunity because in now determining one of the issues squarely raised in the prior appeal, all matters advanced in this appeal are resolved.
Before the jury trial took place, Gilvesy and Landahl voluntarily dismissed with prejudice their claims against each other. The city then moved for judgment on the pleadings contending that since the Gilvesy complaint had been dismissed, Landahl’s third-party action could no longer be continued. The court denied the city’s motion on August 6, 1984. However, at that time, Florida Rule of Civil Procedure 1.180(a), involving third-party practice, read in pertinent part:
At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff’s claim against him.
Under the rule as it then read, a third-party plaintiff was limited to the recovery of some or all of the claim asserted against him by the plaintiff. Richard’s Paint Manufacturing Co. v. Onyx Paints, 363 So.2d 596 (Fla. 4th DCA 1978); Miramar Construction, Inc. v. El Conquistador Condominium, 303 So.2d 81 n. 1 (Fla. 3d DCA 1974); VTN Consolidated, Inc. v. Coastal Engineering Associates, 341 So.2d 226 (Fla. 2d DCA), cert. denied, 345 So.2d 428 (Fla.1977).[1] Because Gilvesy had voluntarily dismissed its claim against Lan-dahl, the trial court should have dismissed Landahl’s third-party complaint.[2] Since Landahl never filed an independent action against the city, Landahl’s claim should not have been submitted to the jury.
Landahl was not entitled to either its $266,254 judgment or equitable relief because both claims were asserted as part of the third-party complaint. The statute of limitations had expired by the time the third-party complaint became subject to dismissal. Consequently, the final judgment subsequently entered on February 21, 1986, against Landahl was appropriate in all particulars.
Affirmed.
GRIMES, A.C.J., and SCHEB and HALL, JJ., concur.

. Subsequent to the trial of this case, rule 1.180(a) was amended, effective January 1, 1985, to permit third-party actions which also "assert any other claim that arises out of the transaction or occurrence that is the subject matter of the plaintiff’s claim.” According to the committee note, this amendment was designed to overrule the decision in Miramar Construction, Inc. v. El Conquistador Condominium, 303 So.2d 81 (Fla. 3d DCA 1974), and Richard’s Paint Manufacturing Co. v. Onyx Paints, 363 So.2d 596 (Fla. 4th DCA 1978).

. Following the settlement between Gilvesy and Landahl, there is no indication that Landahl continued to seek indemnification for the original claim of Gilvesy.