507 So.2d 657 (1987)
CREDIT ALLIANCE CORPORATION, Appellant,
v.
TIMMCO EQUIPMENT, INC., and Larry E. Timm, Appellees.
No. 85-2533.
District Court of Appeal of Florida, Fourth District.
April 22, 1987.
Rehearing Denied June 18, 1987.
*658 James E. Foster and P. Joseph Wright of Foster & Kelly, Orlando, for appellant.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Roth & Romano, P.A., and William A. Winkel, P.A., West Palm Beach, for appellees.
DOWNEY, Judge.
Appellant, Credit Alliance Corporation (CAC), appeals from a final judgment awarding the sum of $100,536.12 to Appellees, Timmco Equipment Inc. and Larry E. Timm (Timm).
This case had its genesis in a contract between CAC and Timm, wherein CAC financed the purchase of a Terex Loader. The contract provided for repayment of the loan in monthly installments. Timm was habitually late in his payments and eventually CAC replevied the loader, which was stored in a fenced-in, enclosed area at the Chief Equipment Company premises in Hialeah, Florida. While at that location, the loader was damaged by fire that apparently was the result of arson. Sometime later the loader was sold at public auction and bid in by CAC for $5,000.
In earlier phases of this litigation, before the auction of the loader, this court reversed a judgment for damages in favor of Timm and remanded the cause to the trial court "for further proceedings 1) to determine CAC's claim for deficiency and thereafter 2) to enter judgment for CAC for such deficiency as is found and 3) to enter judgment for Timmco on the usury issue for $31,123.88, plus interest on $15,561.94 from July 27, 1981, until the date of this judgment." Credit Alliance Corp. v. Timmco Equipment, Inc., 457 So.2d 1102, 1104 (Fla. 4th DCA 1984). Eventually the trial court entered the judgment presently under review in which it found that CAC was not entitled to a deficiency; on the contrary it found, among other things, that Timm was entitled to damages for destruction of his equipment and its sale in a commercially unreasonable manner. From that judgment CAC has perfected this appeal presenting several points for our consideration.
Initially, CAC contends the trial court erred in awarding Timm damages for the impairment in value of the replevied loader while it was in CAC's possession, resulting from the fire damage and ultimate sale of the loader in a commercially unreasonable manner. CAC argues that the trial court had no jurisdiction to consider those damages at that stage of the litigation because they were not within the purview of our mandate or remand. We disagree. In remanding, we said, "In view of our holding it is now appropriate for the trial court to consider CAC's claim for deficiency pursuant to section 679.504, Florida Statutes (1981)." Id. Inherent in the statute is the idea of an accounting after a commercially reasonable sale so that, if the debt has not been fully satisfied, a deficiency judgment should ensue; but, if the sale price results in a recovery of more than the balance due, the debtor is entitled to the difference. Therefore, we find it perfectly appropriate for the court to make the determination as to whether the sale was made in a commercially unreasonable fashion.
CAC contends that the court applied the wrong statute in determining the applicable usury penalty. The final judgment imposed a usury penalty of double the interest paid pursuant to section 687.04, *659 Florida Statutes (1981). This we find to be error, no doubt contributed to by our original opinion in the case citing to section 687.04(1), Florida Statutes (1981). We now hold that the usury penalty to be applied in this case is section 687.11, Florida Statutes (1977), as that was the existing penalty at the time the loan was made. Generally, the usury law to be applied is that in effect at the time the court renders its decision unless the then current law provides otherwise. The statute in effect at the time of the decision herein, section 687.04, Florida Statutes (1981), provides for a penalty of double the interest received. However, section 687.03(2)(b), Florida Statutes (1981), expressly provides that the act shall apply only to loans and advances of credit made subsequent to the effective date of the Act and is clearly inapplicable to this case since the statute operates prospectively. See Fogg v. Southeast Bank, N.A., 473 So.2d 1352 (Fla. 4th DCA 1985). Therefore, we feel compelled to change our position while we still have jurisdiction over this case. Landahl, Brown & Weed Associates, Inc. v. City of Cape Coral, 502 So.2d 16 (Fla. 2d DCA 1986).
Next, CAC contends that the calculation of principal due CAC, based on the 1981 statute, was erroneous. However, we must base the calculations on the 1977 statute, which is applicable here. The amount of the loan from CAC to Timm was $67,000. The trial court determined, after considering the conflicting evidence presented at trial, that Timm had made payments in the amount of $71,763.13 of which $15,561.94 was interest.
Section 687.11, Florida Statutes (1977), requires only a forfeiture of interest rather than the double the interest penalty of the 1981 statute. Therefore, we find that CAC is entitled to recover the amount of the loan ($67,000) minus principal payments already made ($56,201.19), which equals $10,798.81. However, CAC must forfeit all unpaid interest and return to Timm all usurious interest already paid ($15,561.94). Accordingly, after repaying CAC for the remainder of the principal due, Timm should recover only the sum of $4,763.13 on the usury issue, which constitutes the excess payments over the balance due on the loan.
Among other things, the judgment found that, when CAC repossessed the loader, it had a duty to protect and preserve the vehicle and to dispose of it in a commercially reasonable manner, which it failed to do. The record supports a finding that CAC, as the secured party in possession of the collateral, had a duty to use reasonable care to protect it. § 679.207(1), Fla. Stat. (1981).
Both parties concede that the relationship of secured party and debtor may be analogized to that of bailee and bailor since, as stated in 8 Am.Jur.2d Bailments § 19 (1980): "Generally when one comes into lawful possession of personal property of another, other than by mutual contract of bailment, he is, by operation of law, treated as a bailee of that property, and may reasonably be referred to as a constructive bailee." Like a bailee, the custodian of said property is liable for injury or damage to the property resulting from a lack of due care. Since the property was not in the same condition as when delivered to CAC, there is a presumption of negligence which the custodian must rebut. Parker v. Miracle Strip Boat & Motors Headquarters, Inc., 341 So.2d 197 (Fla. 1st DCA 1976). This record would support a finding that CAC did not overcome the presumption of negligence and allowed the loader to be sold in its damaged condition and, thus, failed to sell it in a commercially reasonable manner. As stated in Carter v. Cessna Finance Corp., 498 So.2d 1319, 1320 (Fla. 4th DCA 1986), "a creditor who repossesses property is responsible for maintaining it in its then existing condition, and where it is sold after damage or deterioration has occurred, the sale cannot be deemed commercially reasonable."
Finally, CAC contends that, because the sale was properly handled, it was commercially reasonable. CAC asserts that all notice and advertising requirements were met and that the focus should be on procedural compliance rather than on the price realized. Timm, on the other hand, contends commercial reasonableness is determined *660 by resort to all relevant factors  among which would be the sales price realized, whether the goods were repaired before sale, and whether the secured party was the purchaser. The evidence shows that CAC never did anything to repair the loader after the fire damage to improve its marketability. Also CAC was the purchaser for $5,000 and resold it soon after for three times that amount. Such a discrepancy in price so soon after the sale strongly suggests the sale price was not fair. Hall v. Owen County State Bank, 175 Ind. App. 150, 370 N.E.2d 918, 929-930 (1977).
Accordingly, we affirm the judgment for appellees, but modify the amount thereof to $61,386.95, that being the difference between the balance of principal due CAC ($10,798.81) and the usurious interest due appellees ($15,561.94), plus interest thereon ($2,112.92), plus the damage to the loader ($37,000), and interest thereon ($17,510.90).
ANSTEAD and GUNTHER, JJ., concur.