ROBINSON, STEVEN D., Associate Judge.
John Andrews, as personal representative of the Estate of Casey Andrews, and John Andrews and Lynn Andrews, his parents, individually, appeal from an adverse summary final judgment in favor of the City of Margate (City). The plaintiffs had alleged that the City, among other defendants, had acted negligently, that its negligence was a proximate cause of the accident and, therefore, it was liable for Casey Andrews’ death.
While riding his bicycle to school, twelve-year-old Casey was struck and killed by a cement truck, about sixty feet beyond a Margate intersection staffed by three crossing guards employed by the City. As he approached the intersection, he dismounted and remounted, riding first across West Atlantic Boulevard and then, after dismounting and remounting again, across State Road 7, up a wheelchair/bicycle ramp, and past a light pole on the outer edge of the sidewalk. His friend, following behind, observed that, when Casey went around the light pole, he began to wobble, apparently causing him to enter the street as he crossed an intersecting sloped driveway.
None of the crossing guards, and particularly Catherine Youron, who was closest to the accident position, remembers seeing Casey or his friends passing across the intersection. It was normal for Mrs. Your-on to see children riding their bicycles across the intersection. She testified at her deposition that she was never instruct *107 ed by her employer, the City, that doing so was unsafe.
At the hearing on summary judgment, the plaintiffs referred in the record to a number of policy and safety documents evidencing two relevant duties. First, in the City’s job description, crossing guards were to “guide children across streets at designated school crossings, to protect them from the hazards of vehicular traffic,” and “to be the eyes and ears for the children, to control and guide them to and from their destinations without incident.” Second, as described by plaintiffs’ expert, Dr. Fogarty, in his affidavit, normal guidelines regarding the safe crossing of bicyclists require them to dismount and walk their bicycles across an intersection within the confines of a crosswalk. Dr. Fogarty then went on and developed a causal link between Casey’s not dismounting and his instability at the accident position. He said, “such action allowed for the bicyclist, Casey Andrews, to arrive at the farside curbing at a speed and under such dangerous control conditions that the curb ramp in its proximity to a Florida Power & Light Company pole resulted in a ‘wobbling’ response ... with ultimate demonstration of control loss and movement into the street.”
The question of whether a defendant’s negligence is the “proximate cause of the injury is generally one for the jury unless reasonable men could not differ in their determination of that question.” Helman v. Seaboard Coast Line R. Co., 349 So.2d 1187, 1189 (Fla.1977). Bradford v. Bernstein, 510 So.2d 1204 (Fla. 2d DCA 1987), characterized the trial court’s rejection of the same type of expert opinion as a weighing of the evidence as to causation. Whether the cause of an injury is proximate depends on its foreseeability. Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983). In Stahl, bicyclists’ characteristics were described to exemplify what one with a duty toward bicyclists would be expected to foresee. It pointed out that bicyclists have certain momentum problems as they travel along, that they cannot be expected to stop quickly and that, upon encountering hazards along their way, they must sometimes detour quickly if they cannot stop.
Thus, an employee of the City, or the City that hired and trained her, could reasonably be found negligent by a jury if the employee neglected her duty to require a school child such as Casey to walk his bicycle at the busy intersection. A jury could also find that a foreseeable risk existed both within and at hazards immediately beyond the intersection. It simply cannot be said that the instant record fails to reflect the existence of genuine issues of material fact regarding “proximate cause.” Thus, summary judgment was not proper.
REVERSED AND REMANDED FOR TRIAL.
GLICKSTEIN and GUNTHER, JJ., concur.