588 So.2d 309 (1991)
TSI SOUTHEAST, INC., Appellant,
v.
Lamar ROYALS, Hamilton County Concerned Citizens, Inc. and Hamilton County Board of County Commissioners,[*] Appellees.
No. 91-792, 91-973.
District Court of Appeal of Florida, First District.
November 4, 1991.
Fredrick L. Koberlein, Lake City, for appellant.
M. Blair Payne of Darby, Peele, Bowdoin & Payne, Lake City, for appellees.
SMITH, Judge.
TSI Southeast (TSI) brings this consolidated appeal from two final summary *310 judgments in which the trial court found that actions of the Hamilton County Development Authority violated the "Sunshine Law," section 286.011, Florida Statutes (1989). Because of these violations the court ruled that a contract for sale and purchase of a certain parcel of property, between the Authority and TSI, and a deed executed by the Authority, as grantor, and the City of Jasper, as grantee, conveying the same parcel of real property, were void ab initio. Finding no error in the court's rulings, we affirm.
The Authority acquired property in Hamilton County for the purpose of developing an industrial park. TSI began negotiations with the Authority to acquire a parcel of property in the industrial park for the construction of a bio-hazardous waste incinerator. On December 18, 1989, the Authority held a meeting at which it entered into a purchase and sale contract with TSI for the sale of a parcel of property in the industrial park. On January 11, 1990, the Authority conveyed this same parcel of property to the City of Jasper, subject to the contract for sale and purchase to TSI.
Hamilton County Concerned Citizens, Inc. (HCCC), a nonprofit corporation opposed to the building of a medical waste incinerator in Hamilton County, and Lamar Royals, president of HCCC, filed two suits against the Authority, TSI and the City of Jasper, seeking injunctive relief and to have the contract for purchase and sale and the deed declared void because the Authority had acted in violation of the Sunshine Law. Hamilton County Board of County Commissioners intervened as party plaintiffs in HCCC's suit. During this litigation the parties entered into a stipulation of facts in which they agreed that no notice of these meetings was posted on any bulletin board, placed in any newspaper, carried on radio, or otherwise placed in any media of general circulation. The plaintiffs then moved for summary judgment, contending that no issue of fact remained, and that they were entitled to a judgment voiding the contract and the deed as a matter of law.
In opposition to the plaintiffs' motions for summary judgment, Eugene Adicks, a member of the Development Authority since 1962, filed an affidavit in which he stated that during his 28 years of service, no one advised the Authority to advertise a meeting; that the normal procedure was that each member was contacted by the chairman as to a convenient meeting time, and a meeting was called; that meetings were conducted in the Hamilton County Courthouse, the City Hall of the City of Jasper, the office of the Hamilton County Chamber of Commerce, or the office of the attorney representing the Authority; and that meetings were of "general knowledge" and not conducted in a closed-door manner.
The trial court ruled, and we agree, that the Authority was subject to the "Sunshine Law," and was required to give reasonable notice to the public of its meetings of December 18, 1989 and January 11, 1990. The stipulation of the parties prima facie establishes the lack of public notice. The trial court properly rejected Eugene Adicks affidavit, finding it insufficient to create a material issue of fact on the notice issue. This affidavit contains no statement of fact which either controverts or furnishes a basis for avoiding the stipulation which established that no public notice of the date, time and place of these meetings was given. As the trial court ruled, the fact that the affidavit recites that the meetings were of "general knowledge" is insufficient to create a material issue of fact, as reasonable public notice is clearly required. See generally, Yarbrough v. Young, 462 So.2d 515 (Fla. 1st DCA 1985), citing Hough v. Stembridge, 278 So.2d 288 (Fla. 3d DCA 1973).
Counter-affidavits filed for purposes of avoiding summary judgment must be made on personal knowledge and must set forth the facts upon which the affiant relies. Rule 1.510(e), Fla.R.Civ.Pro. Mere conclusions by the affiant are insufficient, and a party does not create a fact question merely by placing his assertions in affidavit form. Carter v. Cessna Finance Corp., 498 So.2d 1319 (Fla. 4th DCA 1986); *311 and Stolzenberg v. Forte Towers South, Inc., 430 So.2d 558 (Fla. 3d DCA 1983). Appellant's argument that it is entitled to a trial at which it would have the opportunity to show that the meetings were held under circumstances satisfying the purposes of the Sunshine Law is not well taken. The defensive pleadings are devoid of any allegations of facts or circumstances showing compliance with the law, and there is nothing in the record before us indicating the existence of circumstances which, if properly pled, might demonstrate the existence of a valid defense. Compare Bowman v. Davies, 586 So.2d 1332, n. 2 (Fla. 1st DCA 1991) (summary judgment should be granted with leave to amend where it appears that unsuccessful party may have a cause of action).
Accordingly, we find that the trial court correctly determined that there was no genuine issue of material fact, and that the trial court's final summary judgments should be, and are
AFFIRMED.
MINER, J., and WENTWORTH, Senior Judge, concur.
NOTES
[*] The Hamilton County Development Authority and the City of Jasper, although named as defendants in the circuit court proceedings below, have made no appearance in this appeal.