652 So.2d 1150 (1995)
Charlie BROWN, Jr., Appellant,
v.
CITY OF DELRAY BEACH, a Municipal Corporation; Maria E. Heredia and Eduardo Heredia, Appellees.
No. 93-3225.
District Court of Appeal of Florida, Fourth District.
February 8, 1995.
Rehearing and Certification Denied April 20, 1995.
*1151 Richard A. Kupfer, Richard A. Kupfer, P.A., West Palm Beach, and Arthur B. D'Almeida, P.A., Boca Raton, for appellant.
David N. Tolces, Asst. City Atty., Delray Beach, for appellee City of Delray Beach.
Rehearing En Banc and Certification Denied April 20, 1995.
PER CURIAM.
Charlie Brown, Jr., appeals from a final judgment entered in favor of appellee, City of Delray Beach, based on the court's granting of summary judgment for the City. We reverse and remand.
The issue is whether the trial court erred in finding as a matter of law that appellant could not establish his claim of negligent destruction of evidence against the City, even though the City allegedly had repeatedly assured appellant it would preserve the evidence it collected against the suspected hit and run driver and make such evidence available to appellant after the criminal investigation was completed, and appellant's reliance upon such assurances allegedly significantly impaired his ability to maintain a civil action against the suspect driver. We conclude that the trial court erred and summary judgment was improperly granted.
On November 25, 1987, appellant was the victim of a hit and run accident as he was riding his bicycle westbound on Lake Ida Road approximately 100 feet east of Davis Road in Delray Beach. Appellant was critically injured and brain damaged. The City photographed and secured evidence from the accident scene, took possession of appellant's orange ten-speed bicycle and investigated the accident. A vehicle matching eyewitness descriptions was later impounded. Maria Heredia, the suspected driver, was arrested and charged with leaving the scene of an accident involving personal injury. The criminal charges, however, were eventually dropped due to a lack of evidence connecting Heredia or the Nissan Sentra owned by her and her husband to the accident.
Appellant filed the instant suit against the City alleging that the City had failed to adequately investigate the accident, had negligently failed to preserve and safeguard the physical evidence and had failed to alert appellant as to the nature and extent of the evidence, or lack thereof, in a timely manner so that appellant could conduct his own investigation. Appellant asserted that when his lawyers attempted to obtain from the City information concerning the physical evidence in the City's possession, appellant's lawyers were assured that such information *1152 would become available to appellant as soon as the City's investigation was completed. The complaint further alleged that as a result of the City's negligence, appellant had lost his ability to recover in a civil suit against the Heredias.[1]
The City filed a motion for summary judgment and a supporting memorandum which argued that: (1) the City owed no duty to appellant to retain evidence for appellant's future civil action; (2) even if such duty existed, sovereign immunity shields the City from suit because its evidence gathering procedures are a discretionary function; and (3) appellant cannot prove causation, i.e. that the City's breach of its duty caused appellant to lose in his civil action. The probable cause affidavit of Officer Szezepanik and an affidavit from Officer Herndon were filed by the City.
Appellant filed a memorandum in opposition to the City's motion for summary judgment asserting genuine issues of material fact existed, contending that a duty arose by virtue of the City taking control of the bicycle and car and by virtue of repeated assurances made to appellant's counsel that the City would maintain the evidence for appellant's civil suit, and that the creation of such duty waived sovereign immunity. Appellant's memorandum in opposition to the City's motion for summary judgment relied upon the probable cause affidavit by Officer Szezepanik and an affidavit of appellant's counsel, Charles Nugent.
Officer Szezepanik's probable cause affidavit, utilized by both parties, indicated that eye witness accounts established that the suspect vehicle was a bluish four door Nissan Sentra with possible damage to the right front end. Heredia's blue/silver four door Nissan Sentra had damage and fresh scuffs and scratches on the right front end. Heredia admitted that at the time of the accident she had been driving the suspect vehicle westbound on Lake Ida Road at Davis Road, and may have hit a bump in the road but was not sure because she was not wearing her corrective lenses, which she was required to wear for driving. The probable cause affidavit further explains that an investigation of Heredia's car and appellant's bicycle revealed that "[s]mall amounts of orange paint transfer were found on the vehicle along with fresh rubber transfer."
Officer Herndon's affidavit, relied upon by the City, states that Officer Herndon's investigation found no traces of paint, hair, flesh or blood on the vehicle. Officer Herndon was unable to conclude whether or not it was the Heredia's vehicle that struck appellant. The affidavit further states: "At no time prior to my investigation of the vehicle did any attorney or representative for [appellant] notify me or request that the evidence be retained for a potential civil action."
Pertinent portions of the affidavit of appellant's attorney Nugent indicate that Nugent repeatedly spoke to representatives from the Delray Beach Police Department requesting access to the evidence taken by the police, but was refused due to the pending criminal investigation and prosecution. Nugent was repeatedly assured that the evidence would be maintained and safeguarded pending the completion of the criminal investigation and prosecution of Heredia. Nugent was unable to conduct a complete investigation of the incident without such evidence. Furthermore, the bicycle wheel given to Nugent's office upon dismissal of the criminal charges was undamaged and was not the badly damaged wheel of appellant's bicycle. Further, Nugent was advised by the police department that the other items of physical evidence allegedly taken from Heredia's impounded vehicle had been discarded by the police department. Finally, Nugent's affidavit states that due to the missing rear wheel of appellant's bicycle and/or due to the other items of missing evidence, Nugent's experts were unable to connect Heredia's vehicle to the accident.
At the summary judgment hearing, the trial court concluded that there was no cause of action for negligent investigation, "which *1153 really covers everything except for the bicycle tire... . The other items, the physical evidence allegedly taken, there really are no factual allegations in the Affidavit other than there were some unspecified items." The court's analysis, therefore, focused on the bicycle wheel. Taking all inferences in favor of appellant, i.e., that the City failed to maintain and safeguard the wheel as it promised, the court concluded there was no indication that the elements of negligent destruction of evidence could be established as there was no indication that appellant's ability to prove his suit against the Heredias was significantly impaired or that there was a causal relationship between such impairment and the missing wheel. Although attorney Nugent's affidavit statement indicated that appellant's expert's inability to connect Heredia's car to the accident was due to the missing bicycle wheel and/or other missing items, the trial court concluded that such was merely hearsay and conclusory without record factual support.
The elements of negligent destruction of evidence are "(1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages." Continental Ins. Co. v. Herman, 576 So.2d 313, 315 (Fla. 3d DCA 1990), rev. denied, 598 So.2d 76 (Fla. 1991).
Appellant does not dispute that, but for the existence of a special duty created by the alleged promise to maintain the evidence, sovereign immunity would shield the City from this action for negligent destruction of evidence because retention of evidence is a discretionary function for which no duty is owed to a particular citizen. See, e.g., Everton v. Willard, 468 So.2d 936 (Fla. 1985); Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912, 919 (Fla. 1985); Chester v. Metropolitan Dade County, 493 So.2d 1119 (Fla. 3d DCA 1986).
However, a special relationship between an individual and a governmental agency may give rise to a duty of care owed to that individual, thereby creating an exception to the governmental entity's sovereign immunity from suit even for functions that are otherwise considered discretionary. Everton, 468 So.2d at 938; Hartley v. Floyd, 512 So.2d 1022 (Fla. 1st DCA), rev. denied, 518 So.2d 1275 (Fla. 1987). Such a special relationship and corresponding duty to an individual is created when a law enforcement officer promises or agrees to take some specific action at the individual's request. Hartley, 512 So.2d at 1024; see also St. George v. City of Deerfield Beach, 568 So.2d 931 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991).
Unless reasonable persons could differ, whether appellant's ability to establish his civil suit was significantly impaired and whether such was causally related to the destruction of the evidence, are questions of fact to be determined by the trier of fact. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187, 1189 (Fla. 1977); Continental Ins. Co., 576 So.2d at 316; Andrews v. City of Margate, 546 So.2d 106 (Fla. 4th DCA 1989).
We reject the trial court's characterization of Nugent's affidavit statements as merely hearsay and conclusory. In the light most favorable to appellant, Nugent's affidavit statement, that appellant's experts could not connect the accident to Heredia's vehicle due to the missing evidence, can be viewed as Nugent's own observation or perception based on the facts asserted throughout the affidavit, rather than what the expert told Nugent. The reason for the inability to bring suit would certainly be within Nugent's personal knowledge as he was appellant's attorney. Furthermore, although Nugent's statement does not elaborate as to how the missing evidence impaired appellant's ability to connect the car to the accident, it does set forth the factual assertion that such is the situation. To the extent that the specific details cannot be inferred from the rest of the affidavit and record, they can be developed at trial.
We also reject the argument that Nugent's affidavit was inadequate because it failed to name who made the alleged assurances that *1154 the evidence would be maintained. Reading the affidavit as a whole it clearly implies that it was a representative or representatives of the Delray Beach Police Department who repeatedly made such assurances to Nugent. This is specific enough to prevent the problem presented in Stolzenberg v. Forte Towers South, Inc., 430 So.2d 558 (Fla. 3d DCA 1983), where the plaintiff's affidavit contained no indication at all as to what other possible businesses the plaintiff was referring. Although the evidence of the nonmoving party, including affidavits, "must be both relevant and competent as to the issues in the cause, [they] need not be in the exact form, or cover all the preliminaries, predicates, and details which would be required of a witness [at trial]." Holl v. Talcott, 191 So.2d 40, 45 (Fla. 1966)
Accordingly, we conclude that the trial court erred in rejecting, for purposes of summary judgment, Nugent's affidavit statement that appellant's expert's inability to connect Heredia's car to the accident was due to the missing evidence. Contrary to the trial court's finding, Nugent's affidavit was sufficient for purposes of summary judgment to establish that appellant's ability to prove his civil suit was significantly impaired and that there was a causal relationship between such impairment and the destruction of the evidence. Furthermore, a claim for negligent destruction of evidence does not require appellant to establish that he would have succeeded against the Heredias if the evidence had been properly maintained. See Miller v. Allstate Ins. Co., 573 So.2d 24, 31 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991). Appellant need only establish that the destruction of evidence "cost [him] an opportunity to prove [his] lawsuit." Id. at 31.
There was also an issue of material fact regarding whether appellant's attorney was assured by the police department that the evidence would be maintained. Although the trial court assumed this to be true for purposes of summary judgment, it did so only as far as such alleged assurances concerned the bicycle wheel and not the other evidence which the police had allegedly collected (the paint traces and rubber traces referred to in the probable cause affidavit). Appellant's complaint and Nugent's affidavit clearly state that repeated assurances were made that "the evidence" would be maintained and that the City negligently failed to do so. Appellant's claim of negligent destruction of evidence was not limited to the bicycle wheel.
In sum, the record and affidavits when read in the light most favorable to appellant together with all reasonable inferences in favor of appellant, are sufficient to withstand summary judgment for the City. We conclude that it cannot be said as a matter of law that there was no indication that appellant's ability to prove his suit against the Heredias was significantly impaired or no indication of a causal relationship between such impairment and the missing evidence. Accordingly, summary judgment for the City was error.
GLICKSTEIN and FARMER, JJ., and OWEN, WILLIAM C., Jr., Sr. Judge, concur.
NOTES
[1] The second count of appellant's complaint sued the Heredias for appellant's personal injuries. The trial court granted the Heredias' motion for summary judgment and entered final judgment in their favor due to the lack of evidence connecting the Heredias' vehicle to the accident. The judgment for the Heredias has not been appealed.