[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15139

_____

D.C. Docket No. 01-01779-CV-T-17-EAJ

KEVIN O'HALLORAN,
as Chapter 11 Trustee for Greater
Ministries International, Inc., et al.,

Plaintiff–Appellant,

WILLIAM C. SMITH, an individual, suing
on behalf of himself and all persons
similarly situated,
JOHN TINGUE, an individual, suing
on behalf of himself and all persons
similarly situated,

Plaintiffs,

versus

FIRST UNION NATIONAL BANK OF FLORIDA,
and it successor in name or interest,
a banking entity,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(April 10, 2009)**

Before BARKETT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin O'Halloran, the Chapter 11 Trustee for Greater Ministries International, Inc. appeals the dismissal of his third amended complaint consisting of five counts against First Union National Bank of Florida.  We find it unnecesary to repeat the facts of this case which are set forth in our prior opinion in O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197 (11th Cir. 2003).  We affirm.

We readily find that there was no reversible error as to the dismissal of the first four counts of the Complaint.  To prevail on these counts the plaintiff had to show the existence of a special relationship between Greater Ministries and First Union other than the existence of a general account.  The agreement pertaining to the account in question demonstrated that it was a general checking account.  More importantly, O'Halloran conceded in his brief that it was a general account. Therefore, O'Halloran could not state a claim on these counts.

2

The remaining count, count five, alleged the negligent performance of duties voluntarily undertaken.   Under Florida law, the failure to perform a voluntarily assumed duty can give rise to liability.  See Brown v. City of Delray Beach, 652 So. 2d 1150, 1153 (Fla. Dist. Ct. App. 1995); Hartley v. Floyd, 512 So. 2d 1022, 1024 (Fla. Dist. Ct. App. 1987).  In both of these cases, the defendants promised to undertake a duty on the plaintiffs' behalf, and failed to perform it, giving rise to liability for their negligence.  Brown, 652 So. 2d at 1152; Hartley, 512 So. 2d at 1024.

In this case, Gerald Payne, presented to the bank a facially genuine authorization to withdraw funds from the subject account.  O'Halloran essentially alleges that because First Union was suspicious of  Payne's activities, it voluntarily undertook the duty of confirming his authorization to withdraw funds from the account.  This case differs from any of the Florida cases cited in that it is undisputed that First Union did not explicitly promise Greater Ministries that the bank would take any steps other than the ordinary duties owed to the owner of a general account, namely, ensuring that persons seeking to make withdrawals are facially authorized to do so.  First Union did not promise to undertake any duty on another's behalf.  Rather, the actions undertaken by the bank were taken on its own behalf and there is no other party to whom it is alleged that First Union made any

3

promise.  Thus, we find no error in the dismissal of the remaining count five.

**AFFIRMED**