DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MIKE ULIZIO,**
Petitioner,

v.

**MMMG, LLC** and **MOBILE MIKE PROMOTIONS, INC.,**
Respondents.

Nos. 4D21-2600 and 4D21-2601

[March 9, 2022]

Consolidated petitions for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case Nos. CACE14-000419 and CACE16-018117.

Jonathan M. Weirich and Donald G. Peterson of Yarnell & Peterson, P.A., Naples, for petitioner.

Gary S. Phillips and Jeffrey B. Shalek of Phillips, Cantor & Shalek, P.A., Hollywood, for respondents.

PER CURIAM.

Mike Ulizio petitions for certiorari review of an order in two consolidated cases denying his motion for summary judgment, which claimed tribal sovereign immunity. We treat this case as an appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(F)(iii), which allows review of a nonfinal order denying a motion that "asserts entitlement to sovereign immunity."[1]

Ulizio argues that he is entitled to tribal sovereign immunity because the claims against him stemmed from actions he took in his capacity as chief financial officer ("CFO") for the Seminole Tribe of Florida, Inc. ("STOFI"), a corporate entity of the Seminole Tribe (the "Tribe"). We reverse because there are no disputed issues of material fact that create a

---

[1] This rule became effective January 23, 2020. *See In re Amends. to Fla. Rule of App. Proc. 9.130*, 289 So. 3d 866, 867 (Fla. 2020). Previously, the rule allowed for review of such an order only if it determined the issue "as a matter of law." *Id.* The new rule removed this requirement. *Id.* The order at issue was entered in August 2021, well after the amendment went into effect.

reasonable inference that Ulizio acted beyond the scope of his authority as CFO and because the application of tribal sovereign immunity does not depend on whether a Tribe employee is a tribe member.

Federal law recognizes STOFI as a tribal corporation. *Howard v. MMMG, LLC*, 299 So. 3d 40, 42 (Fla. 4th DCA 2020). In 1995, the Tribe enacted an ordinance addressing the Tribe's sovereign immunity and how it may be waived. *Id.* Ordinance C-01-95 recognizes that sovereign immunity extends to tribal officials, employees, and authorized agents unless the Tribe unequivocally consents to suit. *Id.* The ordinance provides in part:

> [A]ll tribal officials, employees or other authorized agents shall likewise be immune from suit brought by any third-party in any state or federal court where such tribal official, employee or other authorized agent **is either acting on behalf of [the Tribe] in the course of their agency or where the acts of such tribal official, employee or other agent, though mistaken, negligent or otherwise improper are within that degree of authority which [the Tribe] is capable of bestowing upon the agent** as a matter of federal, constitutional or tribal law . . . .

*Id.* (emphasis in original).

We have previously affirmed the trial court's dismissal of claims based on tribal sovereign immunity against STOFI and some officials, *MMMG, LLC v. Seminole Tribe of Fla., Inc.*, 196 So. 3d 438 (Fla. 4th DCA 2016), and later granted petitions for writ of certiorari after STOFI board member Larry Howard was denied tribal sovereign immunity, *Howard*, 299 So. 3d 40. The claims against Ulizio are like the ones brought against Howard. *See id.*

In *Howard*, Michael Wax, a local radio personality and owner of Mobile Mike Promotions, Inc., entered his company into a joint venture with STOFI, forming MMMG, LLC, to provide promotional and advertising services to STOFI. *Id.* STOFI allegedly violated the agreement, and, in response, MMMG and Mobile Mike Promotions sued STOFI and STOFI officials, including board member Larry Howard. *Id.* Plaintiffs alleged the officials acted beyond their authority and directed STOFI to divert business from MMMG to Redline Media Group, Inc., a business owned by tribe member Sallie Tommie. *Id.* at 43.

2

STOFI successfully moved to dismiss based upon tribal sovereign immunity. *Id.* The trial court found STOFI was entitled to tribal sovereign immunity but denied dismissal as to STOFI officials, finding factual disputes as to whether they acted beyond the scope of their authority. *Id.* Plaintiffs then filed a new derivative action, and the cases were consolidated. *Id.* In the consolidated cases, STOFI officials moved for summary judgment again, raising tribal sovereign immunity. *Id.* The trial court granted some officials summary judgment but denied Howard's motions. *Id.* The court concluded that Wax's affidavit created a factual dispute as to whether Howard received personal benefits for diverting business from MMMG to Redline. *Id.*

Howard petitioned for certiorari review in each case, and we granted the petitions, finding plaintiffs failed to establish that Howard, or any STOFI official, acted beyond the scope of his or her authority. *Id.* at 44; *see also Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1225 (11th Cir. 1999) (recognizing that "tribal officers are protected by tribal sovereign immunity when they act in their official capacity and within the scope of their authority"). By denying summary judgment, the trial court departed from the essential requirements of law by impermissibly stacking inferences from the Wax affidavit to find a material dispute regarding whether Howard received an illicit personal benefit and acted outside the scope of his authority. *Howard*, 299 So. 3d at 45.

Here, plaintiffs generally allege that Ulizio participated with Howard and others in a scheme to divert MMMG's business to Redline by refusing to honor the terms of the MMMG operating agreement. MMMG already provided advertising services for Seminole Gaming when the Tribe decided to request bids through a request for proposal. Plaintiffs allege that Ulizio artificially and deceptively increased MMMG's bid to make Redline's bid look more desirable. MMMG lost the bid and stopped receiving payments under the terms of the operating agreement.

Ulizio moved for summary judgment based upon tribal sovereign immunity. In opposition, plaintiffs again relied on the Wax affidavit. Like the allegations against Howard, the affidavit alleged that Ulizio told Wax he was being pressured by Sallie Tommie to kill the MMMG deal. The affidavit alleged that "Ulizio assisted Tommie to ensure that the MMMG enterprise failed" by increasing MMMG's bid to amounts he knew were not competitive—ensuring Redline's bid was better priced—and which he knew was not in MMMG's or STOFI's best interest. Wax alleged that Ulizio changed the prices prepared by Mobile Mike to what Ulizio claimed were the "proper" retainers. The affidavit did not indicate how Ulizio changed

3

the bid, and plaintiffs did not provide evidence that any increase was improperly calculated.

Citing an email, the affidavit alleged that Ulizio subsequently tried to cover his tracks by submitting a lower bid. The email from Ulizio to STOFI official Tony Sanchez states that Ulizio and Wax reviewed the pricing of the request for proposal, had pared it down considerably "to produce more competitive pricing," and advised that the new suggested staffing and payroll listed in the email "would put us in line with the low bidder."

The trial court denied Ulizio summary judgment, finding the Wax affidavit created a material dispute of fact as to whether Ulizio altered the bid to Seminole Gaming to ensure that Redline Media won the contract. Ulizio contends that he is entitled to tribal sovereign immunity—just like Howard—because the claims against him are based on actions within the scope of his authority as CFO. The trial court suggested Howard's situation was different because Howard is a tribe member, but this is not a material distinction if Ulizio was acting within his authority as CFO. *See Tamiami Partners, Ltd. Ex rel. Tamiami Dev. Corp*, 177 F.3d at 1225. The allegations against Ulizio involve conduct in his role as CFO, and plaintiffs failed to show that he exceeded his authority as a tribal officer.

Plaintiffs did not offer evidence that the bid was improperly inflated. Further, their conclusory allegations that Ulizio breached a duty of loyalty, or was not acting in STOFI's best interest, did not create a disputed issue of material fact. *See TSI Se., Inc. v. Royals*, 588 So. 2d 309, 310 (Fla. 1st DCA 1991) (recognizing that mere conclusions in a counter-affidavit to a motion for summary judgment do not create questions of fact); *770 PPR, LLC v. TJCV Land Tr.*, 30 So. 3d 613, 619 (Fla. 4th DCA 2010) ("Such conclusory assertions are insufficient counter-evidence to avoid summary judgment."). Plaintiffs have not pointed to any evidence that could show that Ulizio's conduct was not authorized or directed by STOFI as a function of his job as CFO. Contrary to their arguments on appeal, plaintiffs did not identify any evidence that Ulizio had an ulterior motive to harm STOFI.

As in *Howard*, the Wax affidavit failed to create a disputed issue of material fact as to Ulizio, and there is no evidence that he acted outside the scope of his authority. *See Howard*, 299 So. 3d at 45. The trial court erred in denying Ulizio summary judgment and depriving him of immunity from suit. Accordingly, we reverse the order denying summary judgment and remand for the court to enter summary judgment for Ulizio.

*Reversed and remanded.*

MAY, GERBER, and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***