# Third District Court of Appeal

## State of Florida

Opinion filed May 28, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1207
Lower Tribunal No. 22-6688-CP-02
_____

**Miguel Veizaga, etc.,**
Appellant,

vs.

**Alicia Labrador, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Perez-Roura Law, and Pedro A. Perez-Roura, for appellant.

Buchanan Ingersoll & Rooney PC, Roselvin S. Edelman, and Daniela K. Pretus, for appellees.

Before EMAS, FERNANDEZ, and MILLER, JJ.

PER CURIAM.

Affirmed.  See Demir v. Schollmeier, 199 So. 3d 442, 445 (Fla. 3d DCA 2016) ("Operating agreements govern the relations among the members, the managers, and the limited liability company itself, as well as the effect of these relations on third parties."); Triton Stone Holdings, L.L.C. v. Magna Bus., L.L.C., 308 So. 3d 1002, 1008 (Fla. 4th DCA 2020) (reversing trial court's finding of an enforceable contract for transfer of limited liability interest where contract did not comply with "the express conditions within the . . . [o]perating [a]greement" since it "governed the manner that would effectuate a valid, binding transfer"); Ferk Fam., LP v. Frank, 240 So. 3d 826, 834 (Fla. 3d DCA 2018) (interpreting the "plain language" of the limited liability company's operating agreement to hold that the party failed to comply with the agreement's requirement for transferring ownership interests in the company); § 605.0401(3), Fla. Stat. (2016) ("After formation of a limited liability company, a person becomes a member: (a) [a]s provided in the operating agreement; . . . [or] (c) [w]ith the consent of all the members . . . ."); § 605.0106(8)(a)(2), Fla. Stat. (2016) (establishing that a "written operating agreement or other record" may admit a person "as a member of a limited liability company . . . or [confer] other rights or powers of a member to the extent assigned . . . [w]ithout the execution of the operating agreement" if the person "orally, in writing, or by other action such

2

as payment for a limited liability company interest <u>complies with the conditions for becoming a member or transferee as provided in the operating agreement</u>") (emphasis added); <u>Stolzenberg v. Forte Towers S., Inc.</u>, 430 So. 2d 558, 559 (Fla. 3d DCA 1983) (upholding summary judgment where the non-movant's affidavit "contain[ed] mere conclusions relating to her interpretation of [a] contract" and did not "indicate[] the source of her information"); <u>Est. of Herrera v. Berlo Indus., Inc.</u>, 840 So. 2d 272, 273 (Fla. 3d DCA 2003) ("Summary judgment may be granted, even though discovery has not been completed, when the future discovery will not create a disputed issue of material fact.").